UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

SEP 1 2 2002



SETH CHARLES (KLEIN) BEN HAIM,
BERNARD (KLEIN) BEN HAIM, and
LAVI (KLEIN) BEN HAIM

        Plaintiffs,

vs.

THE ISLAMIC REPUBLIC OF IRAN
Ministry of Foreign Affairs
Khomeini Ave. United Nations St.
Teheran, Iran

THE IRANIAN MINISTRY OF INFORMATION AND SECURITY
Pasdaran Ave. Golestan Yekom Teheran, Iran

AYATOLLAH ALI HOSEINI KHAMENEI
Supreme Leader of the Islamic Republic of Iran
Office of the Supreme Leader
Palestine St. Teheran, Iran

ALI AKBAR HASHEMI-RAFSANJANI
Former President of the Islamic Republic of Iran
Presidential Office Palestine St. Teheran, Iran

ALI FALLAHIAN-KHUZESTANI
Former Minister of Information and Security
Ministry of Information and Security
Pasdaran Ave. Golestan Yekom
Teheran, Iran

PALESTINE ISLAMIC JIHAD
(aka Palestine Islamic Jihad-Shaqaqi Faction,
Palestinian Islamic Jihad, Islamic Jihad of Palestine,
Harakat Al-Jihad Al-Islami Al-Filastini)
Gaza City, Gaza Strip

        Defendants

CASE NUMBER   1:02CV01811

JUDGE:  Royce C. Lamberth

DECK TYPE:  General Civil

DATE STAMP:  09/12/2002

**COMPLAINT**

3

## NATURE OF ACTION

1. This is an action for personal injury brought pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. §1602 *et seq.* and the Antiterrorism Act of 1991, 18 U.S.C. §2331 *et. seq,* by United States citizens harmed by a terrorist bus bombing on April 9, 1995, near Gush Katif in the Gaza Strip (the "bombing"). The defendants in this action are The Islamic Republic of Iran, The Iranian Ministry of Information and Security, three senior Iranian officials, and the Palestine Islamic Jihad terrorist organization.

2. This Court has found that the bombing was committed by defendant Palestine Islamic Jihad, and held Iran and the other Iranian defendants liable under 28 U.S.C. §1605 *et seq.* for the death of American citizen Alisa Flatow, Flatow v. The Islamic Republic of Iran, et al., 999 F. Supp. 1 (D.D.C. 1998).

## JURISDICTION

3. This Court has jurisdiction over this matter and defendants pursuant to 28 U.S.C. §§1330(a), 1331, 1332(a)(2), 1605(a)(7) and 28 U.S.C.A. §1605 note, *Civil Liability for Acts of State-Sponsored Terrorism*, which permit civil actions for personal injury against state sponsors of terrorism and their officials, employees and agents.

4. This Court has jurisdiction over this matter and defendant Palestine Islamic Jihad pursuant to 18 U.S.C. §2333 which creates a federal cause of action for acts of international terrorism, and pursuant to the rules of supplemental jurisdiction.

## VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(f)(4).

## PARTIES

6. SETH CHARLES (KLEIN) BEN HAIM, an American citizen, suffered severe physical and emotional injuries and harm in a terrorist bus bombing on April 9, 1995 (hereinafter "the terrorist bombing").

7. BERNARD (KLEIN) BEN HAIM, an American citizen, is the father of SETH CHARLES (KLEIN) BEN HAIM.

8. LAVI (KLEIN) BEN HAIM, an American citizen, is the brother of SETH CHARLES (KLEIN) BEN HAIM.

9. The Islamic Republic of Iran ("Iran") all times relevant hereto was a foreign state within the meaning of 28 U.S.C. §1603 designated as a state sponsor of terrorism pursuant to section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2405(j)).

10. The Iranian Ministry of Information and Security ("MOIS") is the Iranian intelligence service. Within the scope of its agency and office, MOIS provided material support and resources for terrorism and performed actions which caused the terrorist bombing and the harm to plaintiffs.

11. Ayatollah Ali Hoseini Khamenei ("Khamenei") is the Supreme Leader of Iran. Within the scope of his office, employment and agency, he performed actions which caused the terrorist bombing and the harm to plaintiffs.

12. Ali Akbar Hashemi-Rafsanjani ("Hashemi-Rafsanjani") is the former president of Iran. Within the scope of his office, employment and agency, he performed actions which caused the terrorist bombing and the harm to plaintiffs.

13. Ali Fallahian-Khuzestani ("Fallahian-Khuzestani") is the former Iranian Minister of Information and Security. Within the scope of his office, employment and agency, he performed actions which caused the terrorist bombing and the harm to plaintiffs.

14. Palestine Islamic Jihad is an international terrorist organization based primarily in the Gaza Strip and Syria, and is a legal person as defined in 18 U.S.C. Sec. 2331(3). Palestine Islamic Jihad planned and executed the terrorist bombing.

## STATEMENT OF FACTS

15. On April 9, 1995, SETH CHARLES (KLEIN) BEN HAIM was a passenger on the number 36 Egged bus, which was traveling from Ashkelon, Israel to a Mediterranean resort in the Gush Katif community in the Gaza Strip.

16. At or about 12:05 p.m. near Kfar Darom in the Gaza Strip, a suicide bomber belonging to and acting on behalf of Palestine Islamic Jihad drove a van loaded with explosives into the number 36 Egged bus, causing an explosion that destroyed the bus, killed eight persons including U.S. citizen Alisa Flatow, and injured many others.

17. SETH CHARLES (KLEIN) BEN HAIM suffered severe and permanent physical injuries and emotional harm in the terrorist bombing.

18. Palestine Islamic Jihad claimed responsibility for and in fact perpetrated the terrorist bombing.

19. The Islamic Republic of Iran is a foreign state and has been designated a state sponsor of terrorism pursuant to section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. § 2405(j)) continuously since January 19, 1984.

20. During the period relevant hereto, Iran provided Palestine Islamic Jihad with massive and continuous material support and resources within the meaning of 28 U.S.C. §1605(a)(7) in order to facilitate and further the commission of terrorist attacks by Palestine Islamic Jihad. During this period, Iran provided approximately two million dollars annually in support of Palestine Islamic Jihad's terrorist activities. Iran's provision of funds and other material support and resources to Palestine Islamic Jihad caused the terrorist bombing and the harm to plaintiffs.

21. MOIS is the Iranian intelligence service, functioning both within and beyond Iranian territory. At all relevant times, MOIS performed acts in furtherance of Iranian policy and interests and within the scope of its agency and office, within the meaning of 28 U.S.C. §1605(a)(7) and 28 U.S.C.A. §1605 note, which caused the harm to plaintiffs. Specifically, MOIS acted as a conduit for Iran's provision of funds and other material support and resources to Palestine Islamic Jihad and performed other acts which caused the terrorist bombing and the harm to plaintiffs. Accordingly, Iran is vicariously liable for the acts of MOIS.

22. At all relevant times, Khamenei, Hashemi-Rafsanjani and Fallahian-Khuzestani were senior officials, agents and employees of Iran. Khamenei, Hashemi-Rafsanjani and Fallahian-Khuzestani performed acts in furtherance of the policy and interests of Iran and MOIS and within the scope of their agency, office and employment, within the meaning of 28 U.S.C. §1605(a)(7) and 28 U.S.C.A. §1605 note, which caused the harm to plaintiffs. Specifically, Khamenei, Hashemi-Rafsanjani and Fallahian-Khuzestani approved the provision of funds and other material support and resources by Iran and MOIS to Palestine Islamic Jihad and performed

other acts which caused the terrorist bombing and the harm to plaintiffs. Accordingly, Iran and MOIS are vicariously liable for the acts of Khamenei, Hashemi-Rafsanjani and Fallahian-Khuzestani.

23. In furtherance and as implementation of a specific policy and practice established and maintained by Iran in order to facilitate and further the commission of terrorist attacks by Palestine Islamic Jihad, defendants Iran, MOIS, Khamenei, Hashemi-Rafsanjani and Fallahian-Khuzestani, acting within the scope of their agency, office and employment, gave substantial aid, assistance, inducement and encouragement to one another and to Palestine Islamic Jihad, and knowingly and willingly conspired, agreed, induced and acted in concert with one another and with Palestine Islamic Jihad, in pursuance of a common plan and design, to provide material support and resources to Palestine Islamic Jihad.

24. The terrorist bombing was caused by a willful and deliberate act of extrajudicial killing because the explosion was caused by a bomb that was deliberately driven into the bus by an agent of Palestine Islamic Jihad acting under the direction of the other defendants.

### FIRST CLAIM FOR RELIEF
### AGAINST ALL DEFENDANTS
### ON BEHALF OF PLAINTIFF SETH CHARLES (KLEIN) BEN HAIM
### BATTERY

25. Paragraphs 1-24 are incorporated herein.

26. The terrorist bombing constituted a battery on the person of SETH CHARLES (KLEIN) BEN HAIM.

27. The terrorist bombing caused SETH CHARLES (KLEIN) BEN HAIM severe physical and psychological injuries, extreme pain, suffering and severe financial loss, including deprivation of present and future income.

28. As a result of the severe injuries inflicted on him by the terrorist bombing, SETH CHARLES (KLEIN) BEN HAIM required hospitalization and medical treatment.

29. SETH CHARLES (KLEIN) BEN HAIM continues to suffer from permanent injuries caused by the terrorist bombing.

30. The terrorist bombing, which was an act of extrajudicial killing within the meaning of 28 U.S.C. §1605(a)(7) and 28 U.S.C. §1605 note, was carried out by defendant Palestine Islamic Jihad acting with the material support, resources and sponsorship of the other defendants. The terrorist bombing was caused and facilitated by defendants' actions .

31. Defendants' actions were willful, malicious, intentional, reckless, unlawful and were the proximate cause of the terrorist bombing and the battery on the person of SETH CHARLES (KLEIN) BEN HAIM, and the injuries plaintiff suffered therein.

32. Defendants' conduct was outrageous in the extreme, wanton, willful and malicious, and constitutes a threat to the public warranting an award of punitive damages.

### SECOND CLAIM FOR RELIEF
### AGAINST ALL DEFENDANTS
### ON BEHALF OF PLAINTIFF SETH CHARLES (KLEIN) BEN HAIM
### ASSAULT

33. Paragraphs 1 - 32 are incorporated herein.

34. The terrorist bombing and the ensuing carnage caused SETH CHARLES (KLEIN) BEN HAIM fear and apprehension of harm and death, and actual physical harm, and constituted an assault on the person of SETH CHARLES (KLEIN) BEN HAIM.

35. The terrorist bombing and assault on his person, which were direct and proximate results of defendants' actions, caused SETH CHARLES (KLEIN) BEN HAIM extreme mental anguish and actual physical injury and pain and suffering.

36. Defendants' conduct was outrageous in the extreme, wanton, willful and malicious, and constitutes a threat to the public warranting an award of punitive damages.

### THIRD CLAIM FOR RELIEF
### AGAINST ALL DEFENDANTS
### ON BEHALF OF ALL PLAINTIFFS
### LOSS OF CONSORTIUM AND SOLATIUM

37. Paragraphs 1 - 36 are incorporated herein.

38. Due to the injuries caused to SETH CHARLES (KLEIN) BEN HAIM by the terrorist bombing and defendants' actions, BERNARD (KLEIN) BEN HAIM was deprived of the services, society, company and consortium of his son, and suffered and will continue to suffer severe mental anguish, grief, and injury to his feelings.

39. Due to the injuries caused to SETH CHARLES (KLEIN) BEN HAIM by the terrorist bombing and defendants' actions, LAVI (KLEIN) BEN HAIM was deprived of the services, society, company, guidance and consortium of his brother, and suffered and will continue to suffer severe mental anguish, grief, and injury to his feelings.

40.     Due to the injuries caused him by the terrorist bombing and defendants' actions, SETH CHARLES (KLEIN) BEN HAIM was deprived of the services, society, company, guidance and consortium of his father and brother, and suffered and will continue to suffer severe mental anguish, grief, and injury to his feelings.

41.     Defendants' conduct was outrageous in the extreme, wanton, willful and malicious, and constitutes a threat to the public at large warranting an award of punitive damages.

**FOURTH CLAIM FOR RELIEF
AGAINST ALL DEFENDANTS
ON BEHALF OF ALL PLAINTIFFS
<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>**

42.     Paragraphs 1 - 41 are incorporated herein.

43.     Defendants' conduct was willful, outrageous and dangerous to human life, and violates applicable criminal law, all international standards of civilized human conduct and common decency.

44.     Defendants intended to and did in fact terrorize the plaintiffs and cause them egregious emotional distress.

45.     Defendants' conduct was outrageous in the extreme, wanton, willful and malicious, and constitutes a threat to the public at large warranting an award of punitive damages.

## FIFTH CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS
## ON BEHALF OF ALL PLAINTIFFS
## CONSPIRACY AND VICARIOUS LIABILITY

46.     Paragraphs 1 - 45 are incorporated herein.

47.     In order to facilitate and further the commission of terrorist attacks and acts of personal injury and extrajudicial killing by Palestine Islamic Jihad, including the terrorist attack in which plaintiffs were harmed, defendants gave substantial aid, assistance, inducement and encouragement to one another and to Palestine Islamic Jihad, and knowingly and willingly conspired, agreed, induced and acted in concert with each other and Palestine Islamic Jihad, in a common plan and design, to provide massive material support and resources to Palestine Islamic Jihad.

48.     As a result of the terrorist bombing caused, resulting from and facilitated by defendants' conspiracy, and the Iranian defendants' aiding and abetting and inducement of Palestine Islamic Jihad, plaintiffs suffered the damages enumerated herein.  Defendants are therefore jointly and severally liable for all of plaintiffs' damages.

## SIXTH CLAIM FOR RELIEF
## AGAINST DEFENDANT PALESTINE ISLAMIC JIHAD
## ON BEHALF OF ALL PLAINTIFFS
## INTERNATIONAL TERRORISM

49.     Paragraphs 1 - 48 are incorporated herein.

50.     The actions of Palestine Islamic Jihad constitute a violation of the criminal laws of the United States and of the several states, or would constitute criminal violations if committed within the jurisdiction of the United States and of the several states.

51. The actions of Palestine Islamic Jihad were intended to intimidate or coerce a civilian population, and to influence the policy of a government by intimidation or coercion, within the meaning of 18 U.S.C. §2331, as Palestine Islamic Jihad, through its representatives, spokesmen and publications: (a) repeatedly advocated, praised and lauded acts of terrorism and violence against Jewish and Israeli civilians, admitted to committing such acts and expressly stated that these acts were intended to intimidate and coerce a civilian population, and to influence the policy of the United States and Israeli governments, and (b) expressly threatened the further occurrence of such terrorist acts if their political demands were not met.

52. Defendant's actions were dangerous to human life, by their nature and as evidenced by their consequences.

53. Defendant's actions occurred outside the territorial jurisdiction of the United States.

54. The actions of Palestine Islamic Jihad therefore constitute "acts of international terrorism" as defined in 18 U.S.C. §§2331 and 2333.

55. As a direct and proximate result of the acts of international terrorism committed by Palestine Islamic Jihad, plaintiffs suffered the damages enumerated herein. Defendant Palestine Islamic Jihad is therefore liable for all of plaintiffs' damages.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly and severally on all counts as follows:

A.  Compensatory damages against all Defendants, jointly and severally, $300,000,000;

B. Punitive damages;

C. Reasonable costs and expenses;

D. Reasonable attorneys' fees;

E. Treble damages, costs and attorneys fees as provided in 18 U.S.C. §2333; and,

F. Such further relief as the Court finds.

Plaintiffs,
by their Attorney,

_____
David J. Strachman
D.C. Bar No. D00210
McIntyre, Tate, Lynch & Holt
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)