UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| SETH CHARLES BEN HAIM, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 02-1811 (RCL) |
| THE ISLAMIC REPUBLIC OF IRAN, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Presently before the Court is plaintiffs' Motion [32] Pursuant to Section 1083(c)(2) of the National Defense Authorization Act for Fiscal Year 2008. Specifically, plaintiffs move for an order giving effect to this action, and to the March 24, 2006 Judgment entered in favor of plaintiffs, as if this action had originally been filed under § 1605A of Title 28 of the United States Code. At the time this Court issued its Final Judgment in this action, it denied plaintiffs' claims for punitive damages. Plaintiffs' current motion relies upon section 1083 of the recently enacted National Defense Authorization Act for Fiscal Year 2008 (the "NDAA"), Pub. L. No. 110-181, 122 Stat. 3, as signed by the President and enacted into law on January 28, 2008. Section 1083(a) revised the Foreign Sovereign Immunity Act's ("FSIA"), terrorism exception by repealing § 1605(a)(7) of Title 28 of the United States Code and enacting a new section to be codified at § 1605A of the same title. Section 1605A creates a private, federal cause of action against a foreign state that is or was a state sponsor of terrorism, and provides, *inter alia*, that

punitive damages may be awarded.  *See* 28 U.S.C § 1605A(c).

Section 1083(c) of the NDAA, which is titled "Application to Pending Cases," provides that upon motion made by plaintiffs, the amendments to the FSIA made by section 1083 shall apply to any action that (1) was brought under § 1605(a)(7) before January 28, 2008; (2) relied upon that provision as creating a cause of action; (3) has been adversely affected on grounds that § 1605(a)(7) fails to create a cause of action against the foreign state; and (4) as of the date of enactment (January 28, 2008), is before the courts in any form, including on appeal or motion under rule 60(b) of the Federal Rules of Civil Procedure.  *See* Pub. L. No. 110-181, 122 Stat. 3, § 1083(c)(2)(A); *see also Simon v. Republic of Iraq*, Nos. 06-7175, 06-7178, slip op. at 9 (D.C. Cir. June 24, 2008) (recognizing that section 1083(c) sets forth the circumstances upon which plaintiffs with pending cases may invoke § 1605A).  Thus, plaintiffs' motion for relief under section 1083(c) should be granted only if the action meets each of the four requirements set forth in that provision.

Plaintiffs' motion does not satisfy the fourth requirement of section 1083(c)(2)(A)—that the action was "before the courts in any form" as of January 28, 2008.  Plaintiffs construe the phrase "before the courts in any form" to encompass all cases in which a final judgment in favor of the plaintiff has been entered yet remains unsatisfied.  This Court disagrees.  Final judgment in favor of plaintiffs was entered on March 24, 2006.  The Judgment was not appealed and there were no pending motions before the Court as of January 28, 2008.  As Judge Kollar-Kotelly of this Court stated in circumstances nearly identical to those presented here, the suggestion that a case is "before the court" due to the mere possibility of filing an attachment or executing the judgment, "is inconsistent with the statutory language that requires the case to be before the

Court as of January 28, 2008." *Holland v. Islamic Republic of Iran*, 545 F. Supp. 2d 120, 121–22 (D.D.C. 2008) (Kollar-Kotelly, J.). Accordingly, the instant action was not "before the courts in any form" as of the NDAA's date of enactment, and therefore plaintiffs' motion for relief pursuant to section 1083(c) shall be denied.[1]

    A separate order shall issue this date.

    SO ORDERED.


    Signed by Royce C. Lamberth, Chief Judge, July 22, 2008.

---

[1] This Court's denial of the instant motion should not be construed to have any effect upon the new action filed on behalf of plaintiffs on March 26, 2008. *See Ben Haim v. Islamic Republic of Iran*, Civ. No. 08-520 (RCL). That action was brought under § 1605A pursuant to § 1083(c)(3) of the NDAA. Section 1083(c)(3) provides that "[i]f an action arising out of an act or incident has been timely commenced under section 1605(a)(7) . . . , any other action arising out of the same act or incident may be brought under section 1605A" if the action is filed no later than 60 days following the NDAA's enactment date.