UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
-----------------------------------------------------------------X

SETH CHARLES BEN HAIM, *et al.*,
              Plaintiffs-Judgment Creditors,
       v.
ISLAMIC REPUBLIC OF IRAN, and THE IRANIAN
MINISTRY OF INFORMATION AND SECURITY,
              Defendant-Judgment Debtors,

     and

INTERNET CORPORATION FOR ASSIGNED NAMES
AND NUMBERS,

         Garnishee

-----------------------------------------------------------------X

Civ. No: 02-1811 (RCL)
Civ. No. 08-520 (RCL)

## MOTION BY PLAINTIFFS-JUDGMENT CREDITORS
## TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO SUBPOENA

COME NOW the plaintiffs, by and through their undersigned counsel, and respectfully move this Court pursuant to Fed. R. Civ. P. 69(a)(2) and 45(d)(2)(B)(i) for an order:

(1) **DIRECTING** Garnishee-The Internet Corporation for Assigned Names and Numbers to produce documents in response to Plaintiffs-Judgment Creditors subpoena dated June 23, 2014 within seven days of the entry of such order, or alternatively;

(2) **AUTHORIZING** the service of the aforesaid subpoena *nunc pro tunc* and **DIRECTING** Garnishee-The Internet Corporation for Assigned Names and Numbers to produce responsive documents within seven days of the entry of such order.

Pursuant to Local Rule 7(m), plaintiffs' counsel state that plaintiffs' counsel conferred with garnishee's counsel regarding this matter in a good-faith effort to determine whether the

1

parties could reach an agreement, and that garnishees have indicated that they will not produce responsive documents at this time absent a Court order.


Dated:  August 11, 2014                                    Respectfully submitted,

                                                   By:  /s Robert Tolchin
                                                   Robert J. Tolchin
                                                   111 Livingston Street, Suite 1928
                                                   Brooklyn, New York 11201
                                                   (718) 855-3627
                                                   Fax: (718) 504-4943
                                                   RJT@tolchinlaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

----------------------------------------------------------------- X

SETH CHARLES BEN HAIM, *et al.*,

               Plaintiffs-Judgment Creditors,

         v.

ISLAMIC REPUBLIC OF IRAN, and THE IRANIAN
MINISTRY OF INFORMATION AND SECURITY,

               Defendant-Judgment Debtors,

    and

INTERNET CORPORATION FOR ASSIGNED NAMES
AND NUMBERS,

          Garnishee

Civ. No: 02-1811 (RCL)
Civ. No. 08-520 (RCL)

----------------------------------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS-JUDGMENT CREDITORS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN <u>RESPONSE TO SUBPOENA</u>

Plaintiffs-Judgment Creditors' ("plaintiffs") hold two unsatisfied judgments in the aggregate amount of $316 million against the Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security ("MOIS," and collectively with Iran, the "Judgment Debtors"). Those judgments arise from a terrorist suicide bombing carried out by agents of Iran on April 9, 1995, in which plaintiffs were severely harmed.

## <u>FACTS</u>

### A. Procedural Background

Defendant-Judgment Debtors Iran and MOIS have rights to certain valuable assets ("Assets") held by garnishee, the Internet Corporation for Assigned Names and Numbers ("ICANN"). Specifically, Iran has the rights to two top level domains (TLDs) – the .ir and . ایران

TLDs and both Iran and MOIS have rights to certain internet protocol (IP) addresses. Upon information and belief, these assets originate with and are held by ICANN.

Accordingly, plaintiffs obtained a writ of attachment (the "Writ of Attachment") issued by the Clerk of the District Court for the District of Columbia attaching the aforesaid assets. On June 23, 2014, plaintiffs served ICANN with the issued Writ of Attachment and a document production subpoena pursuant to Federal Rule 45 ("Subpoena," **Exhibit A** hereto) seeking documents related to the aforesaid assets. ICANN"s responses to the Writ of Attachment and the Subpoena were due on July 7, 2014.

Upon a request from ICANN, Plaintiffs consented to an extension of ICANN's time to respond to the Writ of Attachment and the Subpoena provided that plaintiffs would receive a corresponding extension of their deadlines to seek enforcement of the Writ of Attachment and of their lien, tied into plaintiffs' receiving a substantive production under the Subpoena. Thus, the purpose of the agreement to the extensions was to ensure that ICANN would respond substantively to the Subpoena by producing any responsive documents prior to plaintiffs' obligations to file their own pleading seeking a judgment against the Assets under the attachment provisions of District of Columbia Code. On July 7, 2014, the parties filed a consent motion reflecting their agreement to the respective deadline extensions.[1]

However, a few days before the agreed-to response date, the parties' counsel conferred with regard to the Subpoena and ICANN's counsel indicated that ICANN had identified a small number of responsive documents but did not intend to produce the documents as it was taking the position that the Subpoena should have been issued pursuant to a Court order—notwithstanding that a judgment creditor may always issue a subpoena in aid of enforcement of a

---

[1] The Original motion filed on July 7, 2014 extended plaintiffs' time pursuant to D.C. Sup. Ct. Rule 69-I(e), but not 69-I(d). Accordingly, on August 5, 2014, the parties filed a Consent Motion Superseding Previous Consent Motion, to ensure that plaintiffs' time periods were extended under both D.C. Sup. Ct. Rule 69-I(d) and (e).

judgment, regardless of whether a writ of attachment is outstanding or not. Thus, on July 28, 2014, rather than producing the documents, ICANN served a series of mostly boilerplate objections (**Exhibit B** hereto). ICANN also responded negatively to the interrogatories accompanying the Writ of Attachment without providing any explanation for its answers.

Then, on July 29, 2014, without having produced any documents, ICANN filed a potentially dispositive Motion to Quash the Writs of Attachment ("Motion to Quash") together with a Motion to Consolidate Consideration of, and Hearing on, ICANN's Motions to Quash Plaintiffs Writs of Attachment in this case with similar motions to quash that ICANN filed in a series of other cases in which plaintiff's counsel had filed similar writs of attachment on behalf of other similarly situated judgment creditors. ICANN's filing of the Motion to Quash while withholding documents responsive to the Subpoena violates the spirit of the parties' agreement on extending deadlines. The Motion to Quash is an attempt to obtain the dismissal of the Writs of Attachments on their merits before plaintiffs have the opportunity to fully develop the facts.

Plaintiffs are unable to evaluate the merits of ICANN's interrogatory responses or respond adequately to the Motion to Quash without receiving substantive responses to the Subpoena. Therefore, plaintiffs now move pursuant to Fed. R. Civ. P. 69(a) and 45(d)(2)(B)(i) for an order directing ICANN to produce documents in response to the Subpoena.

### B. ICANN's Response to the Subpoena

The document production request attached to the Subpoena seeks a limited number of documents concerning the Assets at issue. Specifically, plaintiffs are seeking documents: referencing the agreements between ICANN and the Judgment Debtors regarding the TLDs and IP addresses described above (Requests 1 and 3), documents listing all of the TLD's and IP addresses that have been allocated to the Judgment Debtors (Requests 2 and 4), documents concerning payments and/or amounts owed by ICANN to the Judgment Debtors and vice versa

(Requests 5 and 6) and communications between ICANN and the Judgment Debtors related to the foregoing documents (Request 7).

ICANN listed 14 general objections, many of which are repeated in conclusory fashion in ICANN's response to each of plaintiffs' 7 document production requests. These objections include several objections which simply are not relevant, such as objections related to the Writ of Attachment being defective and having been served without prior court execution (*See, e.g.*, General Objection Nos. 1, 3 and 4). Those objections will not be addressed here. Other objections are presented in conclusory fashion without providing sufficient information for plaintiffs to assess their validity or are not the kinds of objections that are permitted under Federal Rule 45 (*See, e.g.*, General Objection Nos. 5-14).

ICANN appears to be relying primarily on its second general objection claiming that plaintiffs should have obtained a court order prior to serving the Subpoena. In its specific response to each of plaintiffs' requests, ICANN indicated that it would comply with the request if plaintiffs first obtain Court approval of the Subpoena.

## **ARGUMENT**

### A.  **Response to ICANN General Objection No. 2 - Plaintiffs Were not Required to Obtain a Court Order Authorizing Service of the Subpoena in Advance**

ICANN claims that plaintiffs were required to obtain a court order before serving the Subpoena pursuant D.C. Sup. Ct. Rule 69-I(a). *See* **Exhibit B**, General Objection No. 2. This appears to be based on a misunderstanding of the way Rule 69 of the Federal Rules of Civil Procedure governing enforcement of federal judgments operates.

While Federal Rule 69(a)(1) requires judgment creditors to follow the execution procedures in  "the state where the court is located….," Rule 69(a)(2) allows a judgment creditor to obtain discovery from *any* person by *choosing between either federal or state* judgment

enforcement mechanisms. Fed. R. Civ. P. 69(a)(2) ("as provided in these [federal] rules *or* by the procedure of the state where the court is located") (emphasis added).

Accordingly, plaintiffs have followed local District of Columbia attachment procedures set forth in Title 16, Chapter 5 of the D.C. Code for attaching the Assets. At the same time, plaintiffs also served ICANN with an ordinary Rule 45 subpoena for the production of documents, as permitted by Federal Rule of Civil Procedure 69(a)(2).

Rule 69(a)(2) clearly allows judgment creditors to serve subpoenas on third parties to identify and locate assets for judgment enforcement purposes. Fed. R. Civ. P. 69(a)(2) ("In aid of the judgment or execution, the judgment creditor…may obtain discovery from *any* person…") (emphasis added). *See also Falicia v. Advanced Tenant Services, Inc*., 235 F.R.D. 5, 7 (D.D.C. 2006) (Rule 69(a)(2) clearly permits utilization of federal discovery devices against non-parties). In *Falicia*, the court permitted the judgment creditor to obtain post-judgment enforcement discovery from non-parties pursuant to a Rule 45 subpoena. *Id. See also Lumber Liquidators, Inc. v. Sullivan*, 939 F. Supp.2d 57, 59-60 (D. Mass. 2013) (noting that Rule 69 affords liberal discovery to judgment creditors and finding that judgment enforcement subpoenas against non-parties were warranted).

A recent District Court decision from the Western District of Missouri, explains the interplay between Federal Rule 69(a)(1) and (2):

> Some courts have commented that "[a]t first blush, there appears to be an inconsistency in Rule 69(a) which first mandates following state procedures and then presents an option" of utilizing the Federal Rules of Civil procedure. *Blaw Knox Corp. v. AMR Industries, Inc.*, 130 F.R.D. 400, 402 (E.D.Wis.1990). Any such "confusion" is alleviated, however, by a plain reading of the two provisions of Rule 69(a) as dealing with separate subjects—FED. R. CIV. P. 69(A)(1) pertains only to execution procedures available to creditors, while FED.R.CIV.P. 69(a)(2) relates only to postjudgment discovery. *See generally Chicago Pneumatic Tool Co. v. Stonestreet O. V.*, 107 F.R.D. 674, 675 (S.D.W.Va.1985) (explaining that "Rule 69(a) can be read as dealing with (1) execution procedures

generally and (2) discovery in aid of execution"). By its terms then, FED.R.CIV.P. 69(a)(2) offers a judgment creditor the option of utilizing federal law or state law as it relates to postjudgment discovery.

*State Resources Corp., v. Younger*, 2014 WL 912369, *2 (W.D. Mo. March 10, 2014); *See also, Evans v. Chicago Football Franchise Ltd. Partnership*, 127 F.R.D. 492, 493 (Rule 69(a) allows a judgment creditor to choose between state and federal and state discovery practice);12 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 3014 (1997) (noting that it is customary for judgment creditors to pursue discovery in accordance with the Federal Rules rather than state practice).

In support of its claim that plaintiffs should have obtained a Court order authorizing service of the Subpoena in advance, ICANN relies on D.C. Sup. Ct. Rule 69-I(a) ("a subpoena duces tecum shall issue only upon order of the court"). However, relying on the choice of law provision in Federal Rule 69(a)(2), courts have rejected application of state law discovery provisions which conflicted with the Federal Rules where a judgment creditor chose to proceed under the federal discovery rules. *See, e.g.*, *Experience Hendrix, LLC v. Electric Hendrix, LLC*, 2009 WL 3617743, *1 (W.D. Wa. Oct. 28, 2009) (plaintiffs not required to follow state practice where they elected to pursue discovery under the federal rules); *British Int'l Ins. Co., Ltd. v. Seguros La Republica*, S.A., 200 F.R.D. 586, 594 (W.D.Tex. 2000) ("Rule 69(a) provides the judgment creditor with 'a choice between using the federal discovery rules and using the practice of the state court.'…In this case, ACIC has indicated its clear intent to pursue post-judgment discovery under the Federal Rules of Civil Procedure. Thus, the Texas practices of discovery are irrelevant.") (citations and internal quotations omitted); *Consolidated Freightways Corp. of Del., v. H.G. Chester & Co., Ltd.*, 1995 WL 683587, *1 (N.D. Ill. Nov. 16, 1995) (judgment creditor permitted to take judgment enforcement deposition pursuant to Federal Rules even where state judgment enforcement rules did not permit taking of depositions).

There is virtually no case law in the District of Columbia discussing a judgment creditors' right pursuant to Federal Rule 69(a)(2) to choose between federal and state discovery procedures. ICANN has cited to two District of Columbia cases that appear to suggest based on D.C. Sup. Ct. Rule 69-I(a) that a judgment creditor is required to obtain prior approval from the Court before serving a judgment enforcement subpoena on a garnishee. *See Smith v. Mallick*, 2006 WL 2571830 (D.D.C. Sept. 6, 2006); *Robertson v. Cartinhour*, 2011 U.S. Dist. LEXIS 156059 (D.D.C. Sept. 16, 2011). These cases do not dictate the result here. In neither of these cases did the court address the apparent conflict between D.C. Sup. Ct. Rule 69-I(a) and Federal Rule 69. In *Smith*, the court simply assumed that D.C. Sup. Ct. Rule 69-I's provision requiring a prior court order applied. In *Robertson*, the plaintiff sought prior court approval for the issuance of a deposition subpoena, but the court was not asked to, and did not, make any statements regarding whether the subpoena would have been invalid if a prior court order had not been obtained.

There is no requirement in Federal Rule 69 or anywhere else in the Federal Rules of Civil Procedure that the judgment creditor obtain court approval prior to serving a Rule 45 Subpoena on a non-party. Indeed, it is customary for judgment creditors to serve post-judgment discovery requests on non-parties when searching for attachable assets. Here, plaintiffs simply chose to serve the Subpoena and the Writ of Attachment at the same time, rather than proceeding with the discovery first—a procedure that was necessary in order to obtain and maintain priority over other potential judgment creditors with respect to the assets at issue. However, this does not change the governing provisions of Rule 69 which permit plaintiffs to utilize federal discovery mechanisms. It would be contrary to common sense to conclude, as ICANN suggests, that Federal Rule 69(a)(2) permits the service of subpoenas on uninvolved third parties without first requesting court permission, but not on third party garnishees subject to a writ of attachment.

In any event, the subpoena on ICANN is clearly proper and authorized pursuant to Federal Rule 69(a)(2). Accordingly, if the Court finds that plaintiffs should have obtained a court order prior to serving the Subpoena, plaintiffs respectfully request that the court issue such an order *nunc pro tunc* and direct ICANN to produce responsive documents in its possession, custody and control promptly.

### B.  ICANN's Objections are Meritless and/or Ineffective

Once a motion to compel has been filed, "[t]he burden lies on the party resisting discovery to show that the documents requested are either unduly burdensome or privileged." *In re Denture Cream Products Liability Litig.*, 292 F.R.D. 7, 120 (D.D.C. 2013) (citations omitted). Thus, it is ICANN's burden to support its objections with detailed facts and ICANN has failed to carry this burden.

ICANN has objected to the relevance of the documents sought in conclusory fashion. *See* **Exhibit B**, General Objection 11. As discussed in Part 1 below, such conclusory objections are not sufficient. Notwithstanding this defect in ICANN's objections, the documents clearly are relevant. The liberal discovery standards set forth in Federal Rule 26(b) apply to Rule 45 subpoenas. *See, e.g., Denture Cream Products* at 7 ("Rule 45 has the same scope as provided in Rule 26(b), thus promoting uniformity) *citing* Advisory Committee Note to 1946 Amendment to Rule 45(d) (internal quotations omitted). *See also* Fed. R. Civ. P. 34 referencing Rule 26(b). Judgment creditors are entitled to engage in broad discovery to identify and locate the judgment debtor's assets. *See, e.g., British Int'l Ins. Co., Ltd. v. Seguros La Republica, S.A.*, 200 F.R.D. 586, 594 (W.D.Tex. 2000).[2]

---

[2] Contrary to the suggestion by ICANN (**Exhibit B**, General Objection 5 and objections to definition of ICANN), Plaintiffs are not seeking to impose obligations on ICANN beyond those contained in these Federal Rules which requires only production of documents in ICANN's possession, custody or control.

Plaintiffs' limited document requests are highly relevant to their Writ of Attachment, in which they seek to enforce their judgment against the Judgment Debtors' TLD's and IP addresses held by ICANN. Indeed, having access the complete lists of TLDs and IP addresses allocated to the Judgment Debtors and the terms of those allocations, including payment terms, is essential to plaintiffs' ability to litigate the merits of their attachment claims.

1. ICANN's Objections on Grounds of Burden and Overbreadth are Conclusory and Therefore Waived

ICANN has objected to the subpoena on the grounds that it is purportedly burdensome and overbroad. *See* **Exhibit B**, General Objections 8 (duplication), 9 (time period), 10 (over breadth) and 12 (undue burden). But simply claiming that a subpoena is burdensome or overbroad is insufficient; in order to raise effective objections, ICANN was required to explain why compliance with the subpoena would be difficult:

> Under Rule 45(c)(3)(A)(iv) the burden to establish that a subpoena deuces tecum imposes an undue burden is on the person who moves to have it quashed. That person cannot rely on a <u>mere assertion</u> that compliance would be burdensome and onerous without <u>showing the manner and extent of the burden and the injurious consequences of insisting upon compliance with the subpoena</u>.

Wright & Miller, 9A Federal Practice & Procedure § 2463.1 (3d ed.) (emphasis added) (collecting cases). *See also Terracon Consultants, Inc. v. Drash*, 2013 WL 1633572, *1-2 (D. Kan. April 16, 2013) (overruling conclusory objection as to burden); *T. Lemku & Assoc., Ltd. v. Sowal Tool & Machine Co., Ltd*., 2012 WL 1537651, *3 (S.D. Ohio May 1, 2012) (same); *Al Naomi v. Zaid*, 2012 WL 4758048 *1-2 (D. Kan. Oct. 5, 2012) (same); *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 2010 WL 3419420, *3 (S.D. Fla. Aug. 27, 2010) ("Lastly, SSI's claims that responding to the instant subpoena duces would be unduly burdensome and costly are not adequately supported and are therefore, unavailing…SSI's conclusory objections are insufficient to grant it relief from the instant subpoena duces tecum."); *Painters Joint Committee*

*v. Employee Painters Trust Health & Welfare Fund*, 2011 WL 4573349 at \*5 (D. Nev. Sept. 29, 2011) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.") (citations omitted).

ICANN makes no attempt to "show[] the manner and extent of the burden" that compliance with the subpoena would purportedly impose because it cannot. ICANN is a relatively small organization with two offices (one in California and one in the District of Columbia), which has been in existence only since 1998. In addition, internet governance, particularly as it relates to the country code TLDs and the IP addresses at issue in plaintiffs' Subpoena, dates back approximately to the early 1990's. Accordingly, the scope of material which ICANN would be required to search in order to locate responsive documents and the possible time range for such responsive documents is quite limited.

Moreover, the Subpoena contains *7 limited* categories of documents. In Paragraphs 1 and 3 of the Subpoena, plaintiffs have requested documents referencing the agreements between ICANN and the Judgment Debtors regarding the TLDs and IP addresses described above (Requests 1 and 3). This is an extremely narrow set of documents, as plaintiffs themselves have identified only two TLDs which relate to the Judgment Debtors and presumably there are a small number of IP addresses that relate to the Judgment Debtors. Thus, to the extent such documents exist, it should not be difficult for ICANN to locate and produce them.

In paragraphs 2 and 4 of the Subpoena, plaintiffs have requested documents listing all of the TLD's and IP addresses that have been allocated to the Judgment Debtors (Requests 2 and 4). As with requests 1 and 3, this is an extremely narrow set of documents which likely exist in electronic form and can be easily generated. Thus, to the extent such documents exist, it should not be difficult for ICANN to locate and produce them.

In paragraphs 5 and 6 of the Subpoena, plaintiffs have requested documents concerning payments and/or amounts owed by ICANN to the Judgment Debtors and vice versa. Obviously,

10

to the extent they exist, such documents are likely in electronic form and can be easily generated and produced by pushing a button.

In paragraph 7 of the Subpoena, plaintiffs have requested communications between ICANN and the Judgment Debtors related to the foregoing documents. Since the requests themselves are limited, the request for communications is likewise limited. In the event ICANN is unable to locate documents response to the other requests, these communications will be critical for plaintiffs' understanding of the nature of the relationship between Judgment Debtors and ICANN. Presumably, the production of this narrow set of communications would require ICANN to conduct a limited search of electronically stored information for communications between the relevant person on ICANN's staff and the relevant person at the Judgment Debtor.

Based on ICANN"s General Objection No. 8, ICANN apparently assumes that plaintiffs will be able to obtain the requested documents directly from the Judgment Debtors. That assumption is absurd, the Judgment Debtors are rogue regime state sponsors of terror located outside of the United States who have not cooperated in this litigation and, indeed, defaulted, and are not amenable to subpoenas. Accordingly, ICANN is the only practical source for the documents plaintiffs seek. In any event, as discussed above, plaintiffs are entitled to seek discovery from non-parties. *Falicia v. Advanced Tenant Services, Inc*., 235 F.R.D. 5, 7 (D.D.C. 2006).

Thus, ICANN has utterly failed to meet its burden of showing that the Subpoena is burdensome, and has therefore waived any such objection.

      2.  <u>ICANN has Waived any Objections Based on Putative Privilege or Confidentiality</u>

ICANN also purports to object to the production of certain (unspecified) documents on grounds of privilege and confidential or proprietary information. *See* **Exhibit B**, General Objections 6 and 7:

6.      **Privileged and/or Protected Material**

ICANN objects generally to each and every Request on the grounds, and in that, it seeks disclosure of information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

7.      **Proprietary or Confidential Information.**

ICANN objects generally to each and every Request on the grounds, and in that, it seeks proprietary or confidential information or trade secrets disclosure of which would be prejudicial to ICANN or to a third party to which ICANN owes a duty of confidentiality.

In response to each specific Request, ICANN also interposed the following boilerplate language: "ICANN also specifically objects to this request insofar as it seeks privileged, proprietary and/or confidential information." These objections are inadequate and ineffective to preserve a claim of privilege.

*First*, the objections are vague as to which documents are purportedly privileged or confidential and the specifics of the alleged privilege or confidentiality. *See, e.g.*, *Al Naomi v. Zaid*, 2012 WL 4758048 *1-2 (D. Kan. Oct. 5, 2012) (conclusory assertions of privilege and confidentiality insufficient); *Johnson v. Dovey,* 2011 WL 5374958 at *2-3 (E.D. Cal. Nov. 7, 2011) (rejecting privilege claims where "CDCR asserts privilege without specificity, using boilerplate objections. The Court will thus require CDCR to produce the documents requested in the subpoena."); *Vaughan Furniture Co., Inc. v. Featureline FG, Inc*., 156 F.R.D. 123, 125-6 (M.D. N.Ca. 1994) (rejecting claim of privilege which failed to provide detailed information about documents to enable plaintiffs to contest claim).

*Second*, and relatedly, ICANN has failed to produce any privilege log as required by Rule 45(e)(2). *Walker v. Center for Food and Safety*, 667 F. Supp.2d 133, 138 (D.D.C. 2009) (claim of privilege waived where responding party failed to produce adequate privilege log). Thus, ICANN has waived any privilege it might have had.

*Finally*, in order to accommodate ICANN's concern with regard to confidential and proprietary information, plaintiffs are willing to enter into a protective order to ensure the confidentiality of specific documents which are legitimately subject to protection.

> 3.   ICANN's Remaining Objections Should be Overruled

ICANN's remaining objections as to vagueness and harassment should be overruled. **Exhibit B**, General Objections 13 and 14. These are not among the grounds for quashing or modifying a subpoena under Rule 45(d)(3)(A). Additionally, these objections are conclusory and not supported by any explanation and are therefore ineffective under the case law cited in Part 1 above. ICANN has not explained why it considers certain terms to be vague or how such requests are overbroad or harassing. Accordingly, ICANN has failed to carry its burden with regard to these objections.

**<u>CONCLUSION</u>**

**WHEREFORE**, the instant motion should be granted.


Dated:   Brooklyn, New York
        August 11, 2014

                                         Respectfully submitted,

                                         THE BERKMAN LAW OFFICE, LLC
                                         *Attorneys for the Plaintiffs-Judgment Creditors*

                                         by: _____
                                              Robert J. Tolchin

                                         111 Livingston Street, Suite 1928
                                         Brooklyn, New York 11201
                                         718-855-3627
                                         rjt.berkman@gmail.com

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 11th day of August, 2014, that a copy of the forgoing Motion to Compel Production of Documents in Response to Subpoena together with the Memorandum of Law in Support of Motion to Compel Production of Documents in Response to Subpoena and Exhibits A and B was served via United States District Court ECF filing system on counsel for ICANN:

Tara Lynn R. Zurawski (DC Bar No. 980960)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC  20001-2113

_/s Robert Tolchin_____