**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Seth Charles Ben Haim, et al., | ) )  |
| Plaintiffs, | ) ) |
| v. | ) )   CIVIL ACTION NO. 02-1811-RCL |
| The Islamic Republic of Iran, et al., | ) ) ) |
| Defendants. | ) ) |

**NON-PARTY ICANN'S OBJECTIONS AND RESPONSES TO PLAINTIFFS'**
**SUBPOENA *DUCES TECUM***

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Rules 34, 45 and 69 of the Federal Rules of Civil Procedure, Title 16, Chapter 5 of the District of Columbia Official Code, and Rule 69-I of the District of Columbia Superior Court Rules of Civil Procedure, non-party Internet Corporation for Assigned Names and Numbers ("ICANN"), on behalf of itself and no other entity or person, hereby objects and responds to the subpoena *duces tecum* ("Subpoena"), and the Requests for Production contained therein ("Requests"), issued by Plaintiffs in connection with a Writ of Attachment on Judgment Other Than Wages, Salary And Commissions ("Writ of Attachment") in the above-entitled action.

## PRELIMINARY STATEMENT

**1.      Right to Supplement or Modify Response.**

ICANN is responding to the Requests as it interprets and understands them. As such, ICANN reserves the right to supplement, amend or modify its objections and responses if necessary.

**2.      No Admissions.**

A response to any of the Requests does not constitute an admission by ICANN that it agrees with the characterizations or definitions contained therein, or that the information sought is relevant or likely to lead to the discovery of admissible evidence.

**3.      Improper Definition of "ICANN."**

In addition to the General and Specific Objections set forth below, ICANN objects to each and every Request in that Plaintiffs have improperly defined "ICANN." Specifically, Plaintiffs define ICANN as "the Internet Corporation for Assigned Names and Numbers and each of the five regional internet registries." The five Regional Internet Registries ("RIRs"),

however, are separate and independent organizations from ICANN, and ICANN does not have "the legal right, authority, or ability to obtain upon demand documents in the possession of" the RIRs. *Florentia Contracting Corp. v. Resolution Trust Corp.*, No. 92 Civ. 1188(PKL),1993 U.S. Dist. LEXIS 5275, at *7 (S.D.N.Y. Apr. 22, 1993). As such, ICANN does not have possession, custody or control of any documents or materials that may be in the possession of the RIRs. ICANN therefore responds to the Requests on its own behalf only.

**4.     No Waiver.**

ICANN's responses to the Subpoena and its Requests are made without waiving, or intending to waive, but on the contrary, expressly reserving, any and all objections, defenses, rights, immunities and privileges available to it under applicable law including, without limitation, any and all objections, defenses or challenges to the Writ of Attachment.

**GENERAL OBJECTIONS**

ICANN objects to the Subpoena and each and every Request on the basis of the following General Objections, which are incorporated into ICANN's responses to each Request as if fully rewritten therein:

**1.     Defective Writ of Attachment.**

ICANN objects to the Subpoena and each and every Request on the grounds, and in that, Plaintiffs' Writ of Attachment is procedurally and substantively defective, for several separate and independent reasons   Specifically, the country code Top-Level Domains ("ccTLDs"), related internationalized domain name ("IDN") ccTLDs and Internet Protocol ("IP") addresses identified by Plaintiffs as being subject to the Writ of Attachment: (i) are not "property" subject to attachment; (ii) are not "owned" by the defendants; and (iii) are not "located" in the District of Columbia or even the United States. In addition, this Court lacks jurisdiction to issue an order of

attachment relating to these ccTLDs and IP addresses and ICANN cannot unilaterally delegate, re-delegate or transfer these ccTLDs to anyone. Moreover, ICANN has stated, under oath, in its response to interrogatories contained in the Writ of Attachment that ICANN is not "indebted" to the defendants and that ICANN does not possess any "goods, chattels, or credits" of the defendants. Thus, it would be inefficient and unduly burdensome on ICANN to proceed to discovery based on Plaintiffs' defective Writ of Attachment and in light of ICANN's responses to the Writ of Attachment.

**2.     No Prior Court Order Approving Service of the Subpoena.**

ICANN objects to the Subpoena and each and every Request on the grounds, and in that, Plaintiffs failed to obtain a prior Court Order permitting the discovery. In attachment proceedings, such as this, the practice and procedure of the state in which the district court is held controls. With respect to a non-party, such as ICANN, Rule 69-I(a) of the District of Columbia Superior Court Rules of Civil Procedure mandates that "a subpoena duces tecum shall issue only upon order of the court." *Robertson v. Cartinhour*, No. 09-1642 (ESH), 2011 U.S. Dist. LEXIS 156059, at *2 (D.D.C. Sept. 16, 2011) (requiring a prior court order for post judgment discovery of a non party as set forth in D.C. Superior Court rules); *Smith v. Mallick*, No. 96-cv-2211 (HHK/JMF), 2006 U.S. Dist. LEXIS 62916, at *4-5 (D.D.C. Sept. 6, 2006) (same). Because Plaintiffs failed to obtain such an order, their Subpoena and its Requests are defective.

**3.     Failure to Obtain Court Execution of Writ of Attachment.**

ICANN objects to the Subpoena and each and every Request on the grounds, and in that, the Writ of Attachment, on which they are based, was not properly executed by the Court, as is required by the Foreign Sovereign Immunities Act. *See* 28 U.S.C. § 1610(c); *Bayer & Willis Inc*.

*v. Republic of Gambia*, 283 F. Supp. 2d 1, 2-3 (D.D.C. 2003); *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 66 (D.D.C. 2001) (finding writs of attachment issued by Clerk of the Court in connection with judgment entered against foreign sovereign invalid).

**4.     Lack of Jurisdiction.**

ICANN objects to the Subpoena and each and every Request on the grounds, and to the extent that, jurisdiction is lacking for this proceeding under the Foreign Sovereign Immunities Act.

**5.     Expansion of Obligations Under the Federal Rules of Civil Procedure.**

ICANN objects to the Subpoena each and every Request on the grounds, and in that, they are inconsistent with, or enlarge upon, ICANN's obligations as imposed by the Federal Rules of Civil Procedure.

**6.     Privileged and/or Protected Material.**

ICANN objects generally to each and every Request on the grounds, and in that, it seeks disclosure of information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

**7.     Proprietary or Confidential Information.**

ICANN objects to each and every Request on the grounds, and in that, it seeks proprietary or confidential information or trade secrets, disclosure of which would be prejudicial to ICANN or to a third party to which ICANN owes a duty of confidentiality.

**8.     Duplication.**

ICANN objects to each and every Request on the grounds, and in that, it seeks information, documents or other materials that are within the possession, custody, or control of the parties and/or their counsel, and/or that are publicly available.

9. **Time Period.**

ICANN objects to each and every Request on the grounds, and in that, it is not limited to any time period, let alone a relevant time period.

10. **Over Breadth.**

ICANN objects to each and every Request on the grounds, and in that, it is overly broad as it has no reasonable time or geographic limitations.

11. **Irrelevant Information.**

ICANN objects to each and every Request on the grounds, and in that, it seeks to obtain information that is not relevant to Plaintiffs' action or complaint.

12. **Undue Burden.**

ICANN objects to each and every Request on the grounds, and in that, it imposes an undue burden on ICANN.

13. **Vagueness and Ambiguity.**

ICANN objects to each and every Request on the grounds, and in that, it is vague and/or ambiguous.

14. **Annoyance, Harassment or Oppression.**

ICANN objects to each and every Request on the grounds, and in that, it is intended to cause annoyance, harassment or oppression.

## SPECIFIC OBJECTIONS AND RESPONSES TO THE REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents and electronically stored information referencing, listing or describing: any contracts, agreements or understanding pursuant to which ICANN allocates, licenses, assigns or transfers rights of any kind in any top level domain names to Iran and/or MOIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

ICANN incorporates its Preliminary Statement and General Objections as though fully set forth herein.  ICANN specifically objects to this Request in that (i) it was propounded without a prior court order permitting the discovery, as required by D.C. Superior Court Rule of Civil Procedure 69-I(a); (ii) the Writ of Attachment, on which this Request is based, was not properly executed by the Court; (iii) the Court lacks jurisdiction over this proceeding according to the Foreign Sovereign Immunities Act; and (iv) the Writ of Attachment is procedurally and substantively defective.  ICANN also specifically objects to this Request insofar as it seeks privileged, proprietary and/or confidential information.  ICANN further objects to this Request because it is over broad, unduly burdensome and not reasonably calculated to lead to the production of relevant evidence in that it seeks information about matters and time frames that are not germane to any issues in this lawsuit.  In addition, ICANN objects to this Request because the phrases "contracts, agreements or understanding," "allocates, licenses, assigns or transfers rights," "top level domain names," and  "Iran and/or MOIS" are vague, ambiguous and overbroad.  Finally, ICANN specifically objects to this Request on the ground that the information sought is equally available from the parties to this action and, therefore, this Request is duplicative and places an undue burden on ICANN.

Subject to the foregoing objections, ICANN responds as follows:  If Plaintiffs obtain a court order permitting service of the Subpoena, ICANN will meet and confer with Plaintiffs regarding this Request to the extent Plaintiffs wish to, and are permitted to, pursue the documents sought by his Request.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and electronically stored information referencing, listing or describing: all top level domain names allocated, licensed, assigned or transferred by ICANN to Iran and/or MOIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

ICANN incorporates its Preliminary Statement and General Objections as though fully set forth herein.  ICANN specifically objects to this Request in that (i) it was propounded without a prior court order permitting the discovery, as required by D.C. Superior Court Rule of Civil Procedure 69-I(a); (ii) the Writ of Attachment, on which this Request is based, was not properly executed by the Court; (iii) the Court lacks jurisdiction over this proceeding according to the Foreign Sovereign Immunities Act; and (iv) the Writ of Attachment is procedurally and substantively defective.  ICANN also specifically objects to this Request insofar as it seeks privileged, proprietary and/or confidential information.  ICANN further objects to this Request because it is over broad, unduly burdensome and not reasonably calculated to lead to the production of relevant evidence in that it seeks information about matters and time frames that are not germane to any issues in this lawsuit.  In addition, ICANN objects to this Request because the phrases "top level domain names," "allocated, licensed, assigned or transferred by ICANN," and "Iran and/or MOIS" are vague, ambiguous and overbroad.  Finally, ICANN specifically objects to this Request on the ground that the information sought is equally available from the parties to this action and, therefore, this Request is duplicative and places an undue burden on ICANN.

Subject to the foregoing objections, ICANN responds as follows:  If Plaintiffs obtain a court order permitting service of the Subpoena, ICANN will meet and confer with Plaintiffs regarding this Request to the extent Plaintiffs wish to, and are permitted to, pursue the documents sought by his Request.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and electronically stored information referencing, listing or describing: any contracts, agreements or understandings pursuant to which ICANN allocates, licenses, assigns or transfers rights of any kind in any internet protocol addresses to Iran and/or MOIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

ICANN incorporates its Preliminary Statement and General Objections as though fully set forth herein.  ICANN specifically objects to this Request in that (i) it was propounded without a prior court order permitting the discovery, as required by D.C. Superior Court Rule of Civil Procedure 69-I(a); (ii) the Writ of Attachment, on which this Request is based, was not properly executed by the Court; (iii) the Court lacks jurisdiction over this proceeding according to the Foreign Sovereign Immunities Act; and (iv) the Writ of Attachment is procedurally and substantively defective.   ICANN also specifically objects to this Request insofar as it seeks privileged, proprietary and/or confidential information.  ICANN further objects to this Request because it is over broad, unduly burdensome and not reasonably calculated to lead to the production of relevant evidence in that it seeks information about matters and time frames that are not germane to any issues in this lawsuit.  In addition, ICANN objects to this Request because the phrases "contracts, agreements or understandings," "allocates, licenses, assigns or transfers rights" and "Iran and/or MOIS" are vague, ambiguous and overbroad.  Finally, ICANN

specifically objects to this Request on the ground that the information sought is equally available from the parties to this action and, therefore, this Request is duplicative and places an undue burden on ICANN.

Subject to the foregoing objections, ICANN responds as follows:  If Plaintiffs obtain a court order permitting service of the Subpoena, ICANN will meet and confer with Plaintiffs regarding this Request to the extent Plaintiffs wish to, and are permitted to, pursue the documents sought by his Request.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and electronically stored information referencing, listing or describing: all internet protocol addresses allocated, licensed, assigned or transferred by ICANN to Iran and/or MOIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

ICANN incorporates its Preliminary Statement and General Objections as though fully set forth herein.  ICANN specifically objects to this Request in that (i) it was propounded without a prior court order permitting the discovery, as required by D.C. Superior Court Rule of Civil Procedure 69-I(a); (ii) the Writ of Attachment, on which this Request is based, was not properly executed by the Court; (iii) the Court lacks jurisdiction over this proceeding according to the Foreign Sovereign Immunities Act; and (iv) the Writ of Attachment is procedurally and substantively defective.  ICANN also specifically objects to this Request insofar as it seeks privileged, proprietary and/or confidential information.  ICANN further objects to this Request because it is over broad, unduly burdensome and not reasonably calculated to lead to the

production of relevant evidence in that it seeks information about matters and time frames that are not germane to any issues in this lawsuit.  In addition, ICANN objects to this Request because the phrases "allocated, licensed, assigned or transferred by ICANN" and "Iran and/or MOIS" are vague, ambiguous and overbroad.  Finally, ICANN specifically objects to this Request on the ground that the information sought is equally available from the parties to this action and, therefore, this Request is duplicative and places an undue burden on ICANN.

Subject to the foregoing objections, ICANN responds as follows:  If Plaintiffs obtain a court order permitting service of the Subpoena, ICANN will meet and confer with Plaintiffs regarding this Request to the extent Plaintiffs wish to, and are permitted to, pursue the documents sought by his Request.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and electronically stored information referencing, listing or describing any payments from Iran and/or MOIS to ICANN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

ICANN incorporates its Preliminary Statement and General Objections as though fully set forth herein.  ICANN specifically objects to this Request in that (i) it was propounded without a prior court order permitting the discovery, as required by D.C. Superior Court Rule of Civil Procedure 69-I(a); (ii) the Writ of Attachment, on which this Request is based, was not properly executed by the Court; (iii) the Court lacks jurisdiction over this proceeding according to the Foreign Sovereign Immunities Act; and (iv) the Writ of Attachment is procedurally and substantively defective.  ICANN also specifically objects to this Request insofar as it seeks

privileged, proprietary and/or confidential information.  ICANN further objects to this Request because it is over broad, unduly burdensome and not reasonably calculated to lead to the production of relevant evidence in that it seeks information about matters and time frames that are not germane to any issues in this lawsuit.  In addition, ICANN objects to this Request because the phrase "Iran and/or MOIS" is vague, ambiguous and overbroad.  Finally, ICANN specifically objects to this Request on the ground that the information sought is equally available from the parties to this action and, therefore, this Request is duplicative and places an undue burden on ICANN.

Subject to the foregoing objections, ICANN responds as follows:  If Plaintiffs obtain a court order permitting service of the Subpoena, ICANN will meet and confer with Plaintiffs regarding this Request to the extent Plaintiffs wish to, and are permitted to, pursue the documents sought by his Request.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and electronically stored information referencing, listing or describing any amount owed:

a. from Iran and/or MOIS to ICANN; and

b. from ICANN to Iran and/or MOIS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

ICANN incorporates its Preliminary Statement and General Objections as though fully set forth herein.  ICANN specifically objects to this Request in that (i) it was propounded

without a prior court order permitting the discovery, as required by D.C. Superior Court Rule of Civil Procedure 69-I(a); (ii) the Writ of Attachment, on which this Request is based, was not properly executed by the Court; (iii) the Court lacks jurisdiction over this proceeding according to the Foreign Sovereign Immunities Act; and (iv) the Writ of Attachment is procedurally and substantively defective.  ICANN also specifically objects to this Request insofar as it seeks privileged, proprietary and/or confidential information.  ICANN further objects to this Request because it is over broad, unduly burdensome and not reasonably calculated to lead to the production of relevant evidence in that it seeks information about matters and time frames that are not germane to any issues in this lawsuit.  In addition, ICANN objects to this Request because the phrase "Iran and/or MOIS" is vague, ambiguous and overbroad.  Finally, ICANN specifically objects to this Request on the ground that the information sought is equally available from the parties to this action and, therefore, this Request is duplicative and places an undue burden on ICANN.

Subject to the foregoing objections, ICANN responds as follows:  If Plaintiffs obtain a court order permitting service of the Subpoena, ICANN will meet and confer with Plaintiffs regarding this Request to the extent Plaintiffs wish to, and are permitted to, pursue the documents sought by his Request.

**REQUEST FOR PRODUCTION NO. 7:**

All communications between ICANN, on the one hand and Iran and/or MOIS, on the other hand concerning any of the foregoing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

ICANN incorporates its Preliminary Statement and General Objections as though fully set forth herein.  ICANN specifically objects to this Request in that (i) it was propounded without a prior court order permitting the discovery, as required by D.C. Superior Court Rule of Civil Procedure 69-I(a); (ii) the Writ of Attachment, on which this Request is based, was not properly executed by the Court; (iii) the Court lacks jurisdiction over this proceeding according to the Foreign Sovereign Immunities Act; and (iv) the Writ of Attachment is procedurally and substantively defective.  ICANN also specifically objects to this Request insofar as it seeks privileged, proprietary and/or confidential information.  ICANN further objects to this Request because it is over broad, unduly burdensome and not reasonably calculated to lead to the production of relevant evidence in that it seeks information about matters and time frames that are not germane to any issues in this lawsuit.  In addition, ICANN objects to this Request because the phrase "Iran and/or MOIS" is vague, ambiguous and overbroad.  Finally, ICANN specifically objects to this Request on the ground that the information sought is equally available from the parties to this action and, therefore, this Request is duplicative and places an undue burden on ICANN.

Subject to the foregoing objections, ICANN responds as follows:  If Plaintiffs obtain a court order permitting service of the Subpoena, ICANN will meet and confer with Plaintiffs regarding this Request to the extent Plaintiffs wish to, and are permitted to, pursue the documents sought by his Request.

Dated: July 28, 2014                                              Respectfully submitted,


*/s/ Tara Lynn R. Zurawski*
Tara R. Zurawski (DC Bar No. 980960)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Email: tzurawski@jonesday.com
Telephone: (202) 879-2113
Facsimile: (202) 626-1700

Jeffrey A. LeVee (*pro hac vice* pending)
jlevee@jonesday.com
Eric P. Enson (*pro hac vice* pending)
epenson@jonesday.com
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 243-2304
Facsimile: (213) 243-2539

Counsel for Non-Party INTERNET
CORPORATION FOR ASSIGNED NAMES
AND NUMBERS

## CERTIFICATE OF SERVICE

I certify that on July 28, 2014, I caused to be served one copy of the foregoing **NON-PARTY ICANN'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SUBPOENA *DUCES TECUM*** by First Class Mail, postage prepaid, on the following:

Robert J. Tolchin
Berkman Law Office, LLC
111 Livingston Street, Suite 1928
Brooklyn, NY 11201

*Counsel for Plaintiffs*

Dated:  July 28, 2014

/s/ *Tara Lynn R. Zurawski*

Tara Lynn R. Zurawski (DC Bar No. 980960)