**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Shaul Stern, *et al.*,                      )<br>                                             )<br>            Plaintiffs,                     )<br>                                             )<br>       v.                                    )<br>                                             )<br>The Islamic Republic of Iran, *et al.*,      )<br>                                             )<br>            Defendants.                     )<br>                                             ) | CIVIL ACTION NO. 00-2602-RCL |
| Susan Weinstein, *et al.*,                  )<br>                                             )<br>            Plaintiffs,                     )<br>                                             )<br>       v.                                    )<br>                                             )<br>The Islamic Republic of Iran, *et al.*,      )<br>                                             )<br>            Defendants.                     )<br>                                             ) | CIVIL ACTION NO. 00-2601-RCL |
| Jenny Rubin, *et al.*,                      )<br>                                             )<br>            Plaintiffs,                     )<br>                                             )<br>       v.                                    )<br>                                             )<br>The Islamic Republic of Iran, *et al.*,      )<br>                                             )<br>            Defendants.                     )<br>                                             ) | CIVIL ACTION NO. 01-1655-RMU |
| Seth Charles Ben Haim, *et al.*,            )<br>                                             )<br>            Plaintiffs,                     )<br>                                             )<br>       v.                                    )<br>                                             )<br>The Islamic Republic of Iran, *et al.*,      )<br>                                             )<br>            Defendants.                     )<br>                                             ) | CIVIL ACTION NO. 02-1811-RCL<br><br>CIVIL ACTION NO. 08-520-RCL |

| | |
|---|---|
| Ruth Calderon-Cardona, *et al.*, <br><br>   Plaintiffs, <br><br> v. <br><br> Democratic People's Republic of Korea, *et al.*, <br><br>   Defendants. | MISC. NO. 14-648 |
| Mary Nell Wyatt, *et al.*, <br><br>   Plaintiffs, <br><br> v. <br><br> Syrian Arab Republic, *et al.*, <br><br>   Defendants. | CIVIL ACTION NO. 08-502-RCL |

**MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO
MOTION TO QUASH WRITS OF ATTACHMENT**

Plaintiffs-Judgment Creditors hereby move pursuant to Fed. R. Civ. P. 6(b), for an order in each of these cases enlarging the time within which plaintiffs may respond to Motions to Quash Writs of Attachment filed by the Internet Corporation for Assigned Names and Numbers ("ICANN") to September 30, 2014.

Each of the above captioned sets of plaintiffs holds a final judgment in their respective actions. The respective Judgment Debtors – the Islamic Republic of Iran and its intelligence service, the Democratic People's Republic of Korea and its intelligence service and the Syrian Arab Republic – each have rights to certain valuable internet assets held by garnishee, the

Internet Corporation for Assigned Names and Numbers ("ICANN"), in the form of top level domains and internet protocol addresses.

Accordingly, plaintiffs obtained Writs of Attachment issued by the Clerk of the District Court for the District of Columbia attaching the aforesaid assets. On June 23, 2014, plaintiffs served ICANN with the issued Writ of Attachment and a document production subpoena pursuant to Federal Rule 45 seeking documents related to the aforesaid assets. ICANN"s responses to the Writ of Attachment and the Subpoena were due on July 7, 2014.

Upon a request from ICANN, Plaintiffs consented to 21 day extension of ICANN's time to respond to the Writs of Attachment and the Subpoena provided that plaintiffs would receive a corresponding extension of their deadlines to seek enforcement of the Writs of Attachment and of their lien, tied into plaintiffs' receiving a substantive production under the Subpoena. Thus, the purpose of the agreement to the extensions was to ensure that ICANN would respond substantively to the Subpoena by producing any responsive documents prior to plaintiffs' obligations to file their own pleading seeking a judgment against the Assets under the attachment provisions of District of Columbia Code. On July 7, 2014, the parties filed a consent motion reflecting their agreement to the respective deadline extensions.[1]

However, on July 28, 2014, ICANN served plaintiffs with objections to the Subpoena and did not produce any documents. ICANN also responded negatively to the interrogatories accompanying the Writ of Attachment without providing any explanation for its answers.

Then, on July 29, 2014, without having produced any documents, ICANN filed a potentially dispositive Motion to Quash the Writs of Attachment ("Motion to Quash") together

---

[1] The Original motion filed on July 7, 2014 extended plaintiffs' time pursuant to D.C. Sup. Ct. Rule 69-I(e), but not 69-I(d). Accordingly, on August 5, 2014, the parties filed a Consent Motion Superseding Previous Consent Motion, to ensure that plaintiffs' time periods were extended under both D.C. Sup. Ct. Rule 69-I(d) and (e).

with a Motion to Consolidate Consideration of, and Hearing on, ICANN's Motions to Quash Plaintiffs Writs of Attachment. Pursuant to this Court's Local Rules, plaintiffs' response deadline is August 15, 2014.

ICANN's filing of the Motion to Quash while withholding documents responsive to the Subpoena seeks to do a procedural end-run around the orderly progression of this matter—first establishing the facts, and then deciding the legal implications of those facts—and violates the spirit of the parties' agreement on extending deadlines. The Motion to Quash is an attempt to obtain the dismissal of the Writs of Attachment on their merits before plaintiffs have the opportunity to fully develop the facts. ICANN is asking this Court to decide the Motion to Quash based on ICANN's untested factual submissions in a unilateral affidavit before the Court has a chance to rule on the deficiencies in ICANN's response to the subpoena and interrogatories served together with the Writs of Attachment.

The Motion to Quash contains a 22 page memorandum of law, citing to approximately 60 cases in addition to several statutes and other authorities. It is also supported by two affidavits and more than 240 pages of exhibits.

This is an extremely complex matter, which places before the court novel issues of law and fact concerning the global operation of the internet, ICANN's role in those operations, and particularly the nature of top level domains and internet protocol addresses. These are matters of first impression that involve complicated technical facts. Notwithstanding the many cases which ICANN cites, it does not cite to any cases analyzing the nature of a country's rights to its country code top level domains. While ICANN cites to some cases discussing various issues related second level domains, these cases are not directly on point and are applicable only by way of analogy.

Responding to ICANN's motion requires review of a great deal of primary source material, much of which is technical in nature. Plaintiffs are in the process of trying to retain an expert or experts to assist with this process. In addition, plaintiffs' counsel has a limited number of lawyers able to work on this matter, and two of them had previously scheduled vacations in August, as is common.

For all of these reasons, plaintiffs require additional time to prepare their response. Accordingly, plaintiffs seek an enlargement of their response time to September 30, 2014.

It must be noted that there is no prejudice whatsoever to ICANN by reason of this request. The Writs of Attachment that have been served do not interfere in any way with ICANN's operation or the operation of the domain names at issue. All those domain names remain as functional and operational today as they were the day before the Writs of Attachment have been served. This case concerns the question of whether those domain names are property against which a judgment can be enforced, not the day to day operation of those domain names. Even if the plaintiffs win and the domain names are sold to satisfy the judgments, the domain names themselves will continue to operate as usual; the only difference may be who collects fees generated by the domain names.

It is within the discretion of the trial court to grant motions to enlarge time pursuant to Rule 6(b). Fed. R. Civ. P. 6(b) *Kernisant v. City of New York*, 225 F.R.D. 422, 431 (E.D.N.Y. 2005) ("an application for the enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party."). Since this motion is being filed well before the August 15, 2014 deadline, the proper standard is good cause under Federal Rule 6(b)(1). *Id*. Plaintiffs satisfy this standard.

Plaintiffs' counsel has conferred in good faith with counsel for ICANN in an attempt to reach agreement about the deadlines. However, counsel for ICANN has indicated that ICANN will not agree to enlarge plaintiffs' response time to September 30, 2014. In fact, ICANN's counsel's response to being told that plaintiff's counsel will be on vacation through the end of August was to propose that the opposition papers be due September 2, as if making the papers due immediately after plaintiff's counsel's vacation would be a meaningful concession. Plaintiffs do not believe that such sharp practice is constructive.

Attached is a Proposed Order granting this Motion.

**WHEREFORE**, Plaintiffs respectfully request that the Court grant this Motion.

Dated: August 11, 2014

Respectfully submitted,                               /s/ Robert J. Tolchin_____

                                                                                      Robert J. Tolchin
Berkman Law Office, LLC
111 Livingston Street, Suite 1928
Brooklyn, NY 11201
Telephone: (718) 855-3627
rjt.berkman@gmail.com
*Counsel for PLAINTIFFS*

**CERTIFICATE OF SERVICE**

I certify that on August 11, 2014, I filed the foregoing Motion for Enlargement of Time to Respond to ICANN's Motion to Quash Writs of Attachment with the Clerk of the Court for the U.S. District Court for the District of Columbia using its CM/ECF System. I certify that the foregoing Motion for Enlargement of Time to Respond to ICANN's Motion to Quash Writs of Attachment was served via CM/ECF pursuant to LCvR 5.4(d) on the following counsel for ICANN:

Tara Lynn R. Zurawski (DC Bar No. 980960)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001-2113

Dated: August 11, 2014

*/s/ Robert Tolchin*

Robert J. Tolchin
Berkman Law Office, LLC
111 Livingston Street, Suite 1928
Brooklyn, NY 11201
Telephone: (718) 855-3627
rjt.berkman@gmail.com