# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jenny Rubin, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 01-1655-RCL |
| | ) | |
| The Islamic Republic of Iran, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| Susan Weinstein, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 00-2601-RCL |
| | ) | |
| The Islamic Republic of Iran, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| Seth Charles Ben Haim, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 02-1811-RCL |
| | ) | CIVIL ACTION NO. 08-520-RCL |
| The Islamic Republic of Iran, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| Ruth Calderon-Cardona, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MISC. NO. 14-648-RCL |
| | ) | |
| Democratic People's Republic of Korea, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | |
|---|---|
| Mary Nell Wyatt, et al.<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Syrian Arab Republic, et al.<br><br>　　　　Defendants. | CIVIL ACTION NO. 08-502-RCL |
| Shaul Stern, et al.<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>The Islamic Republic of Iran, et al.<br><br>　　　　Defendants. | CIVIL ACTION NO. 00-2602-RCL |

**NON-PARTY ICANN'S OPPOSITION TO PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO MOTION <u>TO QUASH WRITS OF ATTACHMENT</u>**

Pursuant to Rule 6 of the Federal Rules of Civil Procedure and District of Columbia Local Civil Rule 7(m), non-party Internet Corporation for Assigned Names and Numbers ("ICANN") hereby opposes Plaintiffs' Motion for an Enlargement of Time ("Motion") filed in the above-entitled actions.

**I.   INTRODUCTION**

On June 24, 2014, Plaintiffs issued to ICANN seven writs of attachment ("Writs of Attachment") and seven subpoenas *duces tecum* ("Subpoenas") seeking to attach country code top-level domains ("ccTLDs") signifying the countries of Iran, Syria and North Korea. Since issuance of Plaintiffs' Writs of Attachment, Plaintiffs have insisted that ICANN move quickly. ICANN did just that by filing and serving the required responses, on July 28, 2014, and filing Motions to Quash the Writs of Attachment a day later.

1

Now, Plaintiffs want to slow things down to accommodate vacation schedules, evaluate the legal issues surrounding the Writs of Attachment and retain experts to help Plaintiffs understand ICANN and the relevant ccTLDs.  ICANN has agreed to provide Plaintiffs with a three-week extension, which is commensurate with the extension Plaintiffs' provided ICANN in responding to the Writs of Attachment and Subpoenas.  In addition, ICANN offered to provide Plaintiffs with additional time if Plaintiffs were willing to discuss a period of time short of the six-week extension Plaintiffs seek with this Motion.  Plaintiff refused to negotiate, refused to discuss the matter further and, instead, filed this Motion seeking a total of nine weeks to respond to ICANN's Motions to Quash, requesting that the responses come due on September 30, 2014.

Plaintiffs alone chose the timing of the Writs of Attachment.  Plaintiffs alone issued the Writs of Attachment without seeking a dialogue with ICANN about the relevant ccTLDs.  And Plaintiffs alone have refused to negotiate a reasonable response date to ICANN's Motions to Quash.  The Court should deny Plaintiffs' Motion for all of these reasons, as well as the fact that the extension Plaintiffs are seeking would prejudice ICANN.  But ICANN remains willing to stipulate to a response date of September 12, 2014 with ICANN's reply due two weeks later.

**II.     RELEVANT BACKGROUND**

Plaintiffs hold default judgments against the governments of Iran, Syria and North Korea (the "defendants") in seven different actions.  With their Writs of Attachment, Plaintiffs seek to attach the .IR, .SY and .KP ccTLDs, related non-ASCII ccTLDs, and supporting IP addresses (collectively, the ".IR, .SY and .KP ccTLDs"), all of which represent a space on the Internet for use by the citizens of Iran, Syria and North Korea.  Plaintiffs issued these Writs of Attachment out of a belief that ICANN – a public benefit nonprofit corporation tasked with coordinating the

Internet's domain name system – "holds" the .IR, .SY and .KP ccTLDs and can transfer them to Plaintiffs.  (Motion at 2.)

Because ICANN's deadline for responding to the Writs of Attachment and Subpoenas was only 10 days, ICANN requested a 21-day extension from Plaintiffs.  (Declaration of Eric P. Enson ("Enson Decl.") at ¶ 3, Ex. A.)  Plaintiffs complained that three weeks was "too long" to delay these attachment proceedings, but eventually agreed to the extension on the day ICANN's responses were due.  (*Id*.)

On July 28, 2014, ICANN filed its responses to the Writs of Attachment certifying, under oath, that ICANN is not indebted to the defendants in any way and that ICANN does not hold any "goods, chattels, or credits" of the defendants.  (*Id*. at ¶ 4.)  ICANN also served Plaintiffs with objections and responses to the Subpoenas.  (*Id*.)  The next day, ICANN filed its Motions to Quash the Writs of Attachment because ICANN does not possess any property of the defendants that can be attached.  (*Id*.)

On July 31, 2014, Plaintiffs' counsel requested a six-week extension to respond to the Motions to Quash, making the responses due on September 30, 2014.  (*Id*. at ¶ 5.)  The next day, ICANN's counsel responded to the request by offering a three-week extension, but inviting further discussion on the topic.  (*Id*. at ¶ 6, Ex. B.)  On August 2, 2014, Plaintiff's counsel responded by accusing ICANN of "sloganeering," "being difficult," and calling counsel "downright rude."  (*Id*. at ¶ 7, Ex. C.)  Despite this, ICANN's counsel invited Plaintiffs counsel – in a telephone discussion and in writing – to make a counterproposal somewhere between the six-week extension requested by Plaintiffs and the three-week extension offered by ICANN.  (*Id*. at ¶ 8, Ex. D.)

Plaintiffs never responded to ICANN's offer.  (*Id*. at ¶ 9.)  Instead, without meeting and conferring with ICANN, Plaintiffs filed this Motion seeking a response date of September 30, 2014.  (*Id*. at ¶ 10.)

### III.   ARGUMENT

ICANN recognizes that extensions of the sort sought by Plaintiffs are common, frequently granted and usually allow for better briefing and more efficient resolutions.  Indeed, ICANN is willing to meet Plaintiffs in the middle and provide an extension to September 12, 2014.  But in ICANN's view the over six-week extension sought by Plaintiffs is simply too long and Plaintiffs' Motion should be denied, for several reasons.

***Prejudice to ICANN.***  Contrary to Plaintiffs' claims, ICANN is prejudiced with an unreasonable delay in these proceedings.  ICANN serves the global Internet community.  This community expects that ICANN will resolve disputes, such as the one at hand, in a timely and efficient manner so that ICANN may focus on its mission of protecting the stability, integrity, and interoperability of the Internet's domain name system.  Unreasonably delaying resolution of ICANN's Motions to Quash diverts ICANN's attention and resources from this mission.  In addition, the Writs of Attachment place certain legal responsibilities on ICANN with respect to the .IR, .SY and .KP ccTLDs.  While ICANN will certainly comply with its obligations, unreasonably extending the time a non-party, like ICANN, must monitor, report and abide by such obligations is unduly burdensome and prejudicial.

***Plaintiffs' justifications for delay are not compelling.***  Plaintiffs provide assorted reasons for why they need the requested extension, such as vacations, novel issues of law, case administration difficulties and locating experts to assist Plaintiffs in understanding ICANN and the .IR, .SY and .KP ccTLDs. (Motion at 4-5.)  All of these purported justifications boil down to

4

a lack of preparedness for dealing with the timing and legal matters associated with the Writs of Attachment. When deciding whether to extend deadlines, courts look unfavorably upon the kinds of justifications Plaintiffs have offered. *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 539 (7th Cir. 2011) (finding lack of preparedness was not good cause for enlarging time and noting that "[i]n exercising discretion regarding enlargements of time, courts should be mindful that the rules are intended to force parties and their attorneys to be diligent in prosecuting their causes of action.").

***Plaintiffs failed to meet and confer with ICANN.*** District of Columbia Local Civil Rule 7(m) requires that "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement." This Court has denied such motions for a party's failure to comply with Local Civil Rule 7(m). *See, e.g.*, *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006). Here, however, Plaintiffs refused to even discuss an extension that made their response due before September 30. In addition, Plaintiffs failed to notify ICANN that they would be filing this Motion. Had Plaintiffs engaged with ICANN in good faith or met and conferred before filing this Motion, a compromise may have been reached and the expense of this Motion could have been avoided. As a result of Plaintiffs' failure to confer in good faith and their noncompliance with Local Civil Rule 7(m), their Motion should be denied.

### IV.  CONCLUSION

For the foregoing reasons, ICANN respectfully requests that the Court deny Plaintiffs' Motion and enter an Order enlarging the period of time for Plaintiffs to respond to ICANN's

5

Motions to Quash until September 12, 2014 with ICANN's reply due on September 28, 2014. A [Proposed] Order is attached.

Dated: August 18, 2014

Respectfully submitted,

/s/ Noel J. Francisco
_____
Noel J. Francisco (D.C. Bar No. 464752)
Tara Lynn R. Zurawski (DC Bar No. 980960)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: nfrancisco@jonesday.com
Email: tzurawski@jonesday.com

Jeffrey A. LeVee (admitted *pro hac vice*)
Eric P. Enson (admitted *pro hac vice*)
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 243-2304
Facsimile: (213) 243-2539
Email: jlevee@jonesday.com
Email: epenson@jonesday.com

*Counsel for Non-Party Internet Corporation for Assigned Names and Numbers*

6

**CERTIFICATE OF SERVICE**

      I certify that on August 18, 2014, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, causing it to be served on all registered users to be noticed in this matter, including:

    Robert J. Tolchin
    Berkman Law Office, LLC
    111 Livingston Street, Suite 1928
    Brooklyn, NY 11201
    *Counsel for Plaintiff*

Dated: August 18, 2014

    */s/ Noel J. Francisco*

    Noel J. Francisco (D.C. Bar No. 464752)
    Tara Lynn R. Zurawski (DC Bar No. 980960)
    JONES DAY
    51 Louisiana Avenue, NW
    Washington, DC 20001
    Tel: (202) 879-3939
    Fax: (202) 626-1700
    Email: nfrancisco@jonesday.com
    Email: tzurawski@jonesday.com

    Jeffrey A. LeVee (admitted *pro hac vice*)
    Eric P. Enson (admitted *pro hac vice*)
    JONES DAY
    555 South Flower Street, 50th Floor
    Los Angeles, CA 90071
    Telephone: (213) 243-2304
    Facsimile: (213) 243-2539
    Email: jlevee@jonesday.com
    Email: epenson@jonesday.com

    *Counsel for Non-Party Internet Corporation for Assigned Names and Numbers*