# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Shaul Stern, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 00-2602-RCL |
| | ) |
| The Islamic Republic of Iran, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| Susan Weinstein, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 00-2601-RCL |
| | ) |
| The Islamic Republic of Iran, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| Jenny Rubin, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 01-1655-RMU |
| | ) |
| The Islamic Republic of Iran, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| Seth Charles Ben Haim, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) CIVIL ACTION NO. 02-1811-RCL |
| | ) |
| v. | ) CIVIL ACTION NO. 08-520-RCL |
| | ) |
| The Islamic Republic of Iran, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |



| | |
|---|---|
| Ruth Calderon-Cardona, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) MISC. NO. 14-648 |
| Democratic People's Republic of Korea, *et al.*, | ) |
| Defendants. | ) |
| Mary Nell Wyatt, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO. 08-502-RCL |
| Syrian Arab Republic, *et al.*, | ) |
| Defendants. | ) |

## DECLARATION OF ROBERT J. TOLCHIN

I, Robert J. Tolchin, declare pursuant to 28 U.S.C. § 1746, as follows:

1.      I am counsel for the plaintiffs in this matter and I make this declaration in support of Plaintiffs' Reply to ICANN's Opposition to Plaintiffs' Motion for Enlargement of Time to Respond to Motion to Quash Writs of Attachment.

2.      On or about June 24, 2014, each of the plaintiffs in the above captioned cases served ICANN with writs of attachment and a document production subpoena containing a request for seven limited categories of documents. The writs of attachment consist of a court form issued by the Clerk of Court and contain two short interrogatories which must be responded to within ten days of service. ICANN's responses to the writs of attachment and the subpoenas were due on July 7, 2014.

3.      On July 1, 2014, counsel for ICANN emailed me requesting a 21 day extension of their time to respond to the writs of attachment and subpoenas. *See* Exhibit A to Declaration of Eric Enson (the "Enson Decl.").

4.      On July 3, 2014, I consented to the extension in principle after some back and forth correspondence concerning the terms of the extension to ensure that plaintiffs would receive a substantive response to the subpoenas prior to having to move forward to seek a judgment on the writs of attachment under D.C. law and that their liens would remain in place in the interim. In my July 3, 2014 email, I requested that ICANN provide me with a draft consent motion containing the agreed to terms prior to filing so that I could provide my comments. *See* email from Robert Tolchin to Eric Enson dated July 3, 2014 at 4:23 pm, attached hereto as part of Exhibit 1.

5.      Despite my prodding, counsel for ICANN did not provide me with the draft consent motion until July 7, 2014, the day of ICANN's deadline. *See* email from Eric Enson to Robert Tolchin dated July 7, 2014 at 11:40 am, attached hereto as part of Exhibit 1**.** I provided my comments to that draft expeditiously so that the motion could be filed that same day. *See* email from Robert Tolchin to Eric Enson dated July 7, 2014 at 2:20 pm, attached hereto as Exhibit 2. As reflected on the respective dockets in each of the above captioned cases, the parties' consent motion was filed on July 7, 2014.

6.      On July 28, 2014, ICANN responded to the writs of attachment by answering "no" to the two interrogatories accompanying those writs. On July 28, 2014, ICANN also served plaintiffs with objections to the subpoenas and did not produce any documents.

7.      On July 29, 2014, having failed to provide a substantive response to the subpoenas, ICANN filed its Motion to Quash Writs of Attachment (the "Motions to Quash") in

each of the above captioned cases seeking a dispositive ruling on plaintiffs' writs of attachment. The Motions to Quash contain a 22 page memorandum of law, citing to approximately 60 cases in addition to several statutes and other authorities. These motions are also supported by two affidavits and more than 240 pages of exhibits. Plaintiffs time to respond to the Motions to Quash was August 15, 2014.

8.      At my direction, on or about July 31, 2014, my colleague Dina Rovner contacted ICANN's counsel by phone to request a six week extension of plaintiffs' time to respond to the Motions to Quash to September 30, 2014 due to the complexity and novelty of the issues presented and a previously planned two week overseas vacation at the end of August. Counsel for ICANN indicated that he was not inclined to agree to an extension longer than three weeks. *See* Exhibit 3, email from Robert Tolchin to Eric Enson dated July 31, 2014 at 1:31 pm. *See also* Exhibit B to the Enson Decl.

9.      In an attempt to resolve plaintiffs' request for an extension by agreement, on or about August 4, 2014, my colleague Dina Rovner again spoke with counsel for ICANN at my direction concerning the dates. She explained that the extra time was needed to accommodate her vacation schedule and ensure that plaintiffs' counsel would have sufficient time to determine how best to proceed given the complexity and novelty of the issues. In that conversation, counsel for ICANN indicated that he might consider an extension to the middle of September but not to the end of September and was waiting for a "counter-proposal" from plaintiffs' counsel. Ms. Rovner explained that plaintiffs' counsel was not prepared to agree to a date in the middle of September which would not provide sufficient time to determine how to proceed in this matter. This conversation was followed up by an email from Eric Enson to me confirming that ICANN was not prepared to agree to the requested extension of time. *See* Exhibit C to the Enson Decl.

10.     Accordingly, with the understanding that no agreement as to deadlines could be reached, on August 11, 2014, plaintiffs filed their Motion for Extension of Time to Respond to Motions to Quash.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

August 28, 2014

*/s/ Robert J. Tolchin*
Robert J. Tolchin

# EXHIBIT 1

**Re: Subpoenas and Writs of Attachment to ICANN**

---

**Eric P. Enson <epenson@jonesday.com>**                    **Mon, Jul 7, 2014 at 11:40 AM**
**To: Robert Tolchin <rjt.berkman@gmail.com>**
**Cc: Rovner Dina <dsrovner@gmail.com>, Robert Tolchin <rtolchin@berkmanlaw.com>**

   **Bob,**
        **Attached is a draft consent motion and proposed order in the <u>Haim</u> matter.  Consent
motions and proposed orders in the other matters will be the same and I will send you drafts as
they are completed.  We will add a signature block for you on the consent motion when you
approve the language.  Please let me know what you think.  Thanks.
Eric**


   **Eric P. Enson**
   **JONES DAY® - One Firm Worldwide**
   **555 S. Flower St., 50th Floor**
   **Los Angeles, CA.  90071**
   **Office +213.243.2304**
   **Mobile +310.503.1774**
   **Email epenson@jonesday.com**


   **From:**     **Robert Tolchin <rjt.berkman@gmail.com>**
   **To:**       **"Eric P. Enson" <epenson@JonesDay.com>,**
   **Cc:**       **Robert Tolchin <rtolchin@berkmanlaw.com>, Rovner Dina <dsrovner@gmail.com>**
   **Date:**     **07/07/2014 06:07 AM**
   **Subject: Re: Subpoenas and Writs of Attachment to ICANN**

---


   **Eric,**

   **Where does this stand?**

   **--Bob Tolchin**

   **Sent from my iPad**



   **On Jul 3, 2014, at 7:25 PM, "Eric P. Enson" <epenson@JonesDay.com> wrote:**

**My client needs to review the motion so I will not have it to you until the weekend.  But we'll get it to you as soon as possible.**

**Eric**


**Eric P. Enson**
**JONES DAY® - One Firm Worldwide**
**555 S. Flower St., 50th Floor**
**Los Angeles, CA.  90071**
**Office +213.243.2304**
**Mobile +310.503.1774**
**Email epenson@jonesday.com**

| | |
|---|---|
| **From:** | **Robert Tolchin <rtolchin@berkmanlaw.com>** |
| **To:** | **"Eric P. Enson" <epenson@jonesday.com>,** |
| **Cc:** | **Robert Tolchin <rjt.berkman@gmail.com>** |
| **Date:** | **07/03/2014 04:23 PM** |
| **Subject:** | **Re: Subpoenas and Writs of Attachment to ICANN** |

---

**Eric,**

**I need to get clearance from folks who are in different time zones and are already sleeping. However it is likely that what you've stated will be agreeable so it would not be a waste of time for you to draft the consent motion. Indeed, the way the time zones work, if you do it before you go to bed tonight in California it will likely be reviewed and commented on by the time you wake up.**

**--Bob Tolchin**

**Sent from my iPhone**


**On Jul 3, 2014, at 7:04 PM, "Eric P. Enson" <epenson@jonesday.com> wrote:**

**Bob,**

     **To be clear, Plaintiffs' time to seek an application for judgment against ICANN runs from the time ICANN responds to the interrogatories contained in the writs of attachment, not a response to the subpoenas or a production of documents pursuant to the subpoenas.  But as I mentioned before, ICANN is interested in working cooperatively with Plaintiffs on this matter.**

 Given this, with Plaintiffs' agreement to a 21-day extension on ICANN's responses to the writs of attachment and the subpoenas, ICANN will agree that Plaintiffs' 4-week time period to apply for a judgment against ICANN, under D.C. Superior Court Civil Rule 69-I(e), will not begin to run until ICANN has completed its production of documents or indicated that it has no responsive documents in its possession, custody or control.

     Please confirm that we have an agreement and I will send you a draft of the consent motion over the weekend.  Thank you.
Eric


Eric P. Enson
**JONES DAY® - One Firm Worldwide**
**555 S. Flower St., 50th Floor**
**Los Angeles, CA.  90071**
**Office +213.243.2304**
**Mobile +310.503.1774**
**Email epenson@jonesday.com**

| | |
|---|---|
| **From:** | **Robert Tolchin <rtolchin@berkmanlaw.com>** |
| **To:** | **"Eric P. Enson" <epenson@jonesday.com>,** |
| **Cc:** | **Robert Tolchin <rjt.berkman@gmail.com>** |
| **Date:** | **07/03/2014 02:12 PM** |
| **Subject:** | **Re: Fw: Subpoenas and Writs of Attachment to ICANN** |

We can agree in principle to the extension, as long as the protections we need are in there.

Among those protections, since our time to move runs from when you answer the subpoena, it must be clear that our time to move runs from when you PRODUCE RESPONSIVE DOCUMENTS, not from when you merely serve objections.

I don't know if you're working on this over the weekend, but if yes feel free to circulate proposed consent motions before Monday.

--BT

# EXHIBIT 2



**Dina Rovner <dsrovner@gmail.com>**

## ICANN - Final Consent Motions and Proposed Orders

**Robert Tolchin** <rtolchin@berkmanlaw.com>                          Mon, Jul 7, 2014 at 2:20 PM
To: "Eric P. Enson" <epenson@jonesday.com>
Cc: Robert Tolchin <rjt.berkman@gmail.com>, Dina Rovner <dsrovner@gmail.com>

Eric,

See modified version with Track Changes, attached hereto. Once the edits are finalized, please make the same
edits to each.

--BT

**2 attachments**

 **ICANN Proposed Order on Extension (Wyatt_Syria)-Tracked Changes.docx**
22K

 **WAI_3183211_1_ICANN - Consent Motion On Extension Of Time (Haim1_Iran) -tracked changes.docx**
25K

# EXHIBIT 3



**Dina Rovner <dsrovner@gmail.com>**

## ICANN TLD litigation

**Robert Tolchin** <rtolchin@berkmanlaw.com>                          Thu, Jul 31, 2014 at 1:31 PM
To: "Eric P. Enson" <epenson@jonesday.com>
Cc: Dina Rovner <dsrovner@gmail.com>, Meir Katz <mkatz@berkmanlaw.com>

Eric,

I have heard from Dina Rovner that you have not gotten back to her for several days about amending the proposed consent motion to correct a typo and that you claim to be waiting for client input on this matter which really is a lawyer matter. I do not take kindly to this kind of delay tactic and if necessary will inform the court that you refused to respond substantively.

Dina also tells me that she approached you to discuss a reasonable briefing schedule for your motions to quash that would accommodate both Dina's vacation schedule and the complexity and novelty of the issues raised in your motions. Again I am told you refused to respond substantively, though you suggested you would not agree to a reasonable schedule and wanted the papers to be due during her vacation.

Unfortunately, you are making me regret that I agreed to your motion for an extension in the first place. Remember when you called me and told me that your clients had been at a conference in London and needed more time to review the writs that had been served and I agreed to the extension and to a consent motion to enlarge?

Eric, litigation is a two way street. We each need to accommodate each other. The case should be decided on the merits. There is no prejudice whatsoever to your client if it agrees to the matters Dina has raised. Please do not put me in the position of having to seek the adjournment from the Court, which will require me to describe your behavior to the judge.

-- Bob


Robert J. Tolchin, Esq.
THE BERKMAN LAW OFFICE, LLC
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
718-855-3627