**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Jenny Rubin, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 01-1655-RCL |
| | ) | |
| The Islamic Republic of Iran, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| Susan Weinstein, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 00-2601-RCL |
| | ) | |
| The Islamic Republic of Iran, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| Seth Charles Ben Haim, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 02-1811-RCL |
| | ) | CIVIL ACTION NO. 08-520-RCL |
| The Islamic Republic of Iran, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| Ruth Calderon-Cardona, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MISC. NO. 14-648-RCL |
| | ) | |
| Democratic People's Republic of Korea, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | |
|---|---|
| Mary Nell Wyatt, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 08-502-RCL |
| | ) |
| Syrian Arab Republic, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| Shaul Stern, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 00-2602-RCL |
| | ) |
| The Islamic Republic of Iran, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**NONPARTY ICANN'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS IN RESPONSE TO SUBPOENA**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

RELEVANT BACKGROUND ....................................................................................... 2

ARGUMENT ................................................................................................................... 5

    I.      PLAINTIFFS' DISCOVERY REQUESTS ARE IRRELEVANT TO PLAINTIFFS' JUDGMENT  ENFORCEMENT EFFORTS AS WELL AS RESOLUTION OF ICANN'S MOTION TO QUASH ................................... 7

    II.     PLAINTIFFS' SUBPOENAS DO NOT COMPLY WITH THE DISTRICT OF COLUMBIA'S ATTACHMENT AND EXECUTION PROCEDURES ........................................................................................... 10

    III.    ICANN'S OBJECTIONS TO PLAINTIFFS' DOCUMENT REQUESTS ARE NOT GENERAL, CONCLUSORY OR WAIVED ................................... 12

    IV.    PLAINTIFFS FAILED TO MEET AND CONFER WITH ICANN ON THEIRMOTION TO COMPEL, AS REQUIRED ............................................ 15

CONCLUSION ............................................................................................................... 17

## TABLE OF AUTHORITIES

Page

CASES

*Abt v. Jewell*,
  No. 13-118(RMC), 2014 U.S. Dist. LEXIS 50766 (D.D.C. Apr. 11, 2014) ............................6

*Atlantigas Corp. v. Nisource, Inc.*,
  290 F. Supp. 2d 34 (D.D.C. 2003) ........................................................................................9

*Bethesda Softworks, LLC v. Interplay Entm't Corp.*,
  No. 09–2357, 2011 U.S. Dist. LEXIS 44397 (D. Md. Apr. 25, 2011) ....................................9

*Caisson Corp. v. County W. Bldg. Corp.*,
  62 F.R.D. 331 (E.D. Pa. 1974) ............................................................................................7

*Cardell Fin. Corp. v. Suchodolski Assocs.*,
  2012 U.S. Dist. LEXIS 188295 (S.D.N.Y. July 17, 2012) ......................................................7

*E.I. DuPont de Nemours & Co. v. Kolon Indus.*,
  286 F.R.D. 288 (E.D. Va. 2012) .......................................................................................7, 8

*Ellipso, Inc. v. Mann*,
  460 F. Supp. 2d 99 (D.D.C. 2006) ................................................................................15, 16

*Falicia v. Advanced Tenant Servs., Inc.*,
  235 F.R.D. 5 (D.D.C. 2006)............................................................................................7, 11

*FTC v. Trudeau*,
  No. 1:12-MC-022, 2012 U.S. Dist. LEXIS 173886 (S.D. Ohio Dec. 7, 2012) ........................7

*Hubbard v. Potter*,
  247 F.R.D. 27 (D.D.C. 2008)................................................................................................9

*Huthnance v. Dist. of Columbia*,
  255 F.R.D. 285 (D.D.C. 2008)............................................................................................14

*\*Inversora Murten, S.A. v. Energoprojekt-Niskogradnja Co., Ltd.*,
  264 F. App'x. 13 (D.C. Cir. 2008) .......................................................................................8

*Lurensky v. Wellinghoff*,
  271 F.R.D. 345 (D.D.C. 2010)............................................................................................14

*Michael W. Dickinson, Inc. v. Martin Collins Surfaces & Footings LLC*,
No. 5:11-cv-281-JMH, 2012 U.S. Dist. LEXIS 166751 (E.D. Ky. Nov. 20,
2012) ........................................................................................................................7

*Millennium TGA, Inc. v. Comcast Cable Commc'ns, LLC*,
286 F.R.D. 8 (D.D.C. 2012) ......................................................................................6

*Mohawk Industries, Inc. v. Carpenter*,
558 U.S. 100 (2009) ..................................................................................................15

*Ned Chartering & Trading, Inc. v. Republic of Pakistan & Ministry of Food &
Agriculture*,
294 F.3d 148 (D.C. Cir. 2002) ...................................................................................9

*North Carolina Right to Life, Inc. v. Leake*,
231 F.R.D. 49 (D.D.C. 2005) (Lamberth, J.) ............................................................6

*Orellana v. CropLife Int'l*,
740 F. Supp. 2d 33 (D.D.C. 2010) .............................................................................9

*Peterson v. Islamic Republic of Iran*,
938 F. Supp. 2d 93 (D.D.C 2013) (Lamberth, J.), a*ff'd*, 561 F. App'x. 9 (D.C.
Cir. 2014) ...................................................................................................................8

*Robertson v. Cartinhour*,
No. 09-1642 (ESH), 2011 U.S. Dist. LEXIS 156059 (D.D.C. Sept. 16, 2011)................10, 11

*Smith v. Mallick*,
No. 96-cv-2211 (HHK), 2006 U.S. Dist. LEXIS 62916 (D.D.C. Sept. 6, 2006)..............10, 11

*United States v. Philip Morris Inc.*,
314 F.3d 612 (D.C. Cir. 2003) ...................................................................................15

*Wagener v. SBC Pension Benefit Plan*,
No. 1:03-00769, 2007 U.S. Dist. LEXIS 21190 (D.D.C. Mar. 26, 2007)
(Lamberth, J.) . Request Number 7 .............................................................................14

*Washington v. Thurgood Marshall Acad.*,
232 F.R.D. 6 (D.D.C. 2005)................................................................................13, 14

iii

**RULES**

Fed. R. Civ. P. 26 ......................................................................................................15

Fed. R. Civ. P. 37(a) ................................................................................................15

Fed. R. Civ. P. 69(a)(1) .....................................................................................10, 11

Fed. R. Civ. P. 69-I(a) .......................................................................................10, 11

D.D.C. Local Civ. R. 7(m) .................................................................................15, 16

**OTHER AUTHORITIES**

12 Charles Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3012 n.1 ....................11

Nonparty Internet Corporation for Assigned Names and Numbers ("ICANN") opposes Plaintiffs' Motion to Compel Production of Documents in Response to Subpoena ("Motion to Compel") filed in the seven actions referenced above.

## INTRODUCTION

To be clear, Plaintiffs' Motion to Compel relates to one, overbroad document request. The only non-public documents ICANN possesses that are arguably responsive to this single request are technical communications about name servers, contact information and registration data relating to the country code top-level domains ("ccTLDs") signifying the countries of Iran, Syria and North Korea.  These documents relate in no way to – nor contradict – ICANN's repeated certifications that it does not possess any property owned by the governments of Iran, Syria or North Korea ("defendants").  But in order to resolve Plaintiffs' Motion to Compel, ICANN offered to produce these documents to Plaintiffs.  Plaintiffs, however, failed to respond to ICANN's offer, making this Motion to Compel an even greater waste of resources.

On June 24, 2014, Plaintiffs issued to ICANN seven writs of attachment ("Writs of Attachment") and seven subpoenas *duces tecum* ("Subpoenas") seeking to attach, and seeking documents regarding, the .IR, .SY and .KP ccTLDs, related non-ASCII ccTLDs, and supporting IP addresses (collectively, the ".IR, .SY and .KP ccTLDs"), all of which represent a space on the Internet for use by the people of Iran, Syria and North Korea.  Since issuance of Plaintiffs' Writs of Attachment, ICANN has attempted to work collaboratively with Plaintiffs and has repeatedly provided Plaintiffs with information demonstrating that ICANN possesses no property, money or credits of the defendants.  ICANN has certified the same, under oath, in response to the interrogatories contained in the Writs of Attachment.  And in connection with Plaintiffs' Subpoenas, ICANN has explained to Plaintiffs that the only potentially-responsive documents ICANN possesses are irrelevant to Plaintiffs' enforcement efforts.  Plaintiffs, however, have

-1-

refused to engage in any dialogue whatsoever, forcing ICANN to file a Motion to Quash Plaintiffs' Writs of Attachment.

Then, without meeting and conferring with ICANN, or making any effort to resolve this matter, Plaintiffs brought this Motion to Compel arguing that ICANN's objections to the Subpoenas are "general" and "conclusory."  In addition, Plaintiffs claim that they cannot "evaluate the merits" of ICANN's responses to the Writs of Attachment or "adequately respond" to ICANN's Motion to Quash without additional, substantive discovery from ICANN.

This needless Motion to Compel should be denied, for several reasons.  First, the documents Plaintiffs seek are irrelevant to the identification of assets on which Plaintiffs can execute their judgment because ICANN is not "indebted to" nor does it hold any "goods, chattels, or credits" of the defendants.  Moreover, these documents are not necessary for Plaintiffs to respond to ICANN's Motion to Quash because they do not relate to any of the legal issues raised therein.  Second, Plaintiffs' Subpoenas do not comply with the attachment and execution procedures of the District of Columbia because Plaintiffs issued the Subpoenas without an Order from this Court permitting their service.  Third, ICANN's objections to Plaintiffs' Subpoenas are sufficiently stated and appropriate because the Subpoenas are overbroad and contain no relevant time cut off.  Finally, Plaintiffs' failed to meet and confer with ICANN before filing their Motion to Compel as required by this Court's Local Civil Rules. What is more, ***Plaintiffs failed to respond*** to ICANN's offer to resolve these issues by producing to Plaintiffs the very documents Plaintiffs seek.  It is unclear what Plaintiffs wish to accomplish with this Motion to Compel, but their efforts should be denied.

## RELEVANT BACKGROUND

Plaintiffs hold default judgments against defendants in seven actions.  On June 24, 2014, Plaintiffs issued to ICANN seven Writs of Attachment seeking to attach the .IR, .SY and .KP

ccTLDs.  (Declaration of Eric P. Enson ("Enson Decl.") at ¶ 2.)  Plaintiffs issued these Writs of Attachment believing that ICANN – a nonprofit public benefit corporation tasked with coordinating the Internet's domain name system – "holds" the .IR, .SY and .KP ccTLDs and can transfer them to Plaintiffs.  (Motion to Compel at 2.)

At the same time they issued their Writs of Attachment, Plaintiffs issued to ICANN the seven Subpoenas.  (Enson Decl. at ¶ 3.)  The Subpoenas contain seven Requests for Production ("Requests").  (Motion to Compel, Ex. A.)  Request Numbers 1 and 3 seek all documents "referencing, listing or describing any contracts, agreements or understanding pursuant to which ICANN allocates, licenses, assigns or transfers rights of any kind in any top level domain names" or IP addresses to the defendants, several of the defendants' agencies or the .IR, .SY and .KP ccTLD managers.  (*Id*. at 1-2.)  Request Numbers 2 and 4 seek all documents "referencing, listing or describing all top level domain names" and IP addresses "allocated, licensed, assigned or transferred by ICANN" to the defendants, several of the defendants' agencies or the .IR, .SY and .KP ccTLD managers.  (*Id*.)  Request Numbers 5 and 6 seek all documents "referencing, listing or describing" any payments from the defendants, several of the defendants' agencies or the .IR, .SY and .KP ccTLD managers to ICANN or money owed by ICANN to any of these entities.  (*Id*. at 2.)  Finally, Request Number 7 seeks "all communications" between ICANN and the defendants, several of the defendants' agencies, or the .IR, .SY and .KP ccTLD managers "concerning any of the foregoing."  (*Id*.)

On July 28, 2014, ICANN filed its responses to the Writs of Attachment certifying, under oath, that ICANN is not "indebted to" the defendants and ICANN does not hold any "goods, chattels, or credits" of the defendants.  (Enson Decl. at ¶ 4.)  ICANN also served Plaintiffs with objections and responses to the Subpoenas.  (*Id*. at ¶ 5.)  ICANN's objections and responses to

the Subpoenas contain a Preliminary Statement, General Objections to the Subpoenas, and

Specific Objections to each of Plaintiffs' Requests.  (Motion to Compel, Exhibit B.)

The next day, ICANN filed Motions to Quash the Writs of Attachment ("Motions to

Quash") because ICANN does not possess any property owned by the defendants that can be

attached.  (Enson Decl. at ¶ 6.)  The Motions to Quash, and the supporting declarations and

exhibits, provide a detailed explanation of ICANN's operations, the .IR, .SY and .KP ccTLDs,

the fact that ICANN has no contracts with the defendants or the organizations that manage these

ccTLDs and the fact that ICANN obtains no funds from any of these entities.  (Motions to Quash

at 1-9.)  Prior to filing its Motion to Quash, ICANN provided Plaintiffs with much of this

information in the hope of avoiding motions practice, but Plaintiffs refused to withdraw their

Writs of Attachment or even delay their enforcement for further discussion.  (Enson Decl. at ¶ 7.)

On August 4, 2014, Plaintiffs counsel contacted ICANN's counsel to determine whether

ICANN would produce documents responsive to the Subpoenas.  (Enson Decl. at ¶ 8.)  ICANN's

counsel explained – as it had before – that the only non-public, potentially-responsive documents

ICANN has in its possession are technical communications with the .IR, .SY and .KP ccTLD

managers, such as changes to name servers and contact information for the ccTLD managers.

(*Id*.)  Because these communications relate to technical matters, ICANN set forth its view that

these documents are not relevant to these proceedings or responsive to Plaintiffs' Requests.  (*Id*.)

ICANN's counsel also explained that Plaintiffs could find information about the .IR, .SY and

.KP ccTLDs on ICANN's websites.  (*Id*.)  At no time during this conference, or any other, did

Plaintiffs' counsel mention, much less discuss, their anticipated Motion to Compel.  (*Id*. at ¶ 9.)

Nevertheless, on August 11, 2014, Plaintiffs' filed their Motion to Compel.

Because Plaintiffs did not meet and confer with ICANN regarding the Motion to Compel, ICANN sought to resolve these issues with Plaintiffs before having to file this opposition.  To this end, on August 25, 2014, ICANN wrote Plaintiffs a letter again confirming that ICANN does not have any documents responsive to Request Numbers 1, 3, 5 or 6.  (Enson Decl. at ¶ 10, Ex. A (the "August 25 Letter").)  The August 25 Letter also provided Plaintiffs with numerous links to documents on ICANN's websites responsive to Request Numbers 2 and 4.  (*Id.*)  Finally, ICANN's August 25 Letter attempted to resolve the only outstanding Request, Request Number 7, as follows:

> Document Request No. 7 seeks communications between ICANN and the defendants "concerning any of the foregoing."  First and foremost, ICANN reasserts its objections to Document Request No. 7.  Specifically, Document Request No. 7 is vague, ambiguous and overbroad in that it does not seek specific communications.  Moreover, Document Request No. 7, like Plaintiffs' other Document Requests, lacks a relevant time period for which documents are sought.  Nevertheless, and as I have previously explained, ICANN has had sporadic, technical communications with the .IR, .SY, .KP and related non-ASCII ccTLD managers.[1]  Although these communications do not concern "any of the foregoing," ICANN will agree to search for and produce these documents, covering the time period of July 1, 2010 to July 1, 2014, in order to resolve Plaintiffs' Motion to Compel.  As you will see, these documents are completely consistent with the legal and factual statements set forth in ICANN's Motion to Quash.

(*Id.*)

Plaintiffs never responded to ICANN's August 25 Letter.  (Enson Decl. at ¶ 11.)  Instead, Plaintiffs continue to pursue their Motion to Compel even though ICANN has already agreed to produce communications it possesses in response to Request Number 7.

## ARGUMENT

"[T]he party seeking to compel discovery has the  burden of proving that a discovery response is inadequate."  *Abt v. Jewell*, No. 13-118(RMC), 2014 U.S. Dist. LEXIS 50766, at *5-6 (D.D.C. Apr. 11, 2014) (quotation marks and citations omitted).  As this Court has previously found, whether discovery is appropriate "is determined by reference to factors such as

'relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *North Carolina Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 51 (D.D.C. 2005) (Lamberth, J.) (citations omitted)  "Moreover, nonparty status is also relevant in considering the burden." *Id*. at 52 (quashing subpoenas directed at nonparties where "complying with the subpoenas would cause them undue burden" and "[m]ore importantly, Plaintiffs have failed to demonstrate relevance."); *Millennium TGA, Inc. v. Comcast Cable Commc'ns, LLC*, 286 F.R.D. 8, 11 (D.D.C. 2012) (denying motion to compel and noting that "our circuit court has admonished district courts to be 'generally sensitive to the costs imposed on third parties' when considering a motion to compel" and that "it is improper under Rule 45 to subject non-parties to undue [discovery] expense" (citations omitted)).

Here, all of these factors weigh in favor of denying Plaintiffs' Motion to Compel. Specifically, the documents that Plaintiffs continue to seek are irrelevant to the identification of assets on which Plaintiffs can execute their judgment and they are not necessary for Plaintiffs to respond to ICANN's Motion to Quash.  In addition, Plaintiffs' Subpoenas do not comply with the attachment and execution procedures of the District of Columbia because the Subpoenas were issued without an Order from this Court permitting service of the Subpoenas.  ICANN's objections to Plaintiffs' Subpoenas are sufficiently stated and appropriate because the Requests are overbroad and do not contain a relevant time cut off.  Finally, Plaintiffs failed to meet and confer with ICANN before filing their Motion to Compel, as required by this Court's Local Civil Rules, and Plaintiffs failed to even respond to ICANN's offer to resolve these issues.

I.   **PLAINTIFFS' DISCOVERY REQUESTS ARE IRRELEVANT TO PLAINTIFFS' JUDGMENT ENFORCEMENT EFFORTS AS WELL AS RESOLUTION OF ICANN'S MOTION TO QUASH.**

Post-judgment discovery of a nonparty is limited to discovery that is "'reasonably calculated to . . . provide the judgment creditor an opportunity to enforce its judgment.'" *Falicia v. Advanced Tenant Servs., Inc.*, 235 F.R.D. 5, 10 (D.D.C. 2006) (quoting *GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189, 194 (D.D.C. 2003)).   "[A]sset discovery should be tailored to the specific purpose of enabling a judgment creditor to discover assets ***upon which it can seek to execute a judgment***." *E.I. DuPont de Nemours & Co. v. Kolon Indus.*, 286 F.R.D. 288, 292 (E.D. Va. 2012) (emphasis added); *Caisson Corp. v. County W. Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974) (the "inquiry must be kept pertinent to the goal of discovering concealed assets of the judgment debtor and not be allowed to become a means of harassment of the debtor or third persons.").   As such, numerous district courts have found that a judgment creditor "must make 'a threshold showing of necessity and relevance'" of the information sought from a nonparty.  *Michael W. Dickinson, Inc. v. Martin Collins Surfaces & Footings LLC*, No. 5:11-cv-281-JMH, 2012 U.S. Dist. LEXIS 166751, at *4 (E.D. Ky. Nov. 20, 2012) (citation omitted); *see also FTC v. Trudeau*, No. 1:12-MC-022, 2012 U.S. Dist. LEXIS 173886, at *10 (S.D. Ohio Dec. 7, 2012); *Cardell Fin. Corp. v. Suchodolski Assocs.*, 2012 U.S. Dist. LEXIS 188295, at *205 (S.D.N.Y. July 17, 2012) (citation omitted) (agreeing with the notion that there should be "'a minimal threshold demonstration of a justiciable issue for post judgment discovery to be permitted'").

Here, Plaintiffs have not even attempted to make a threshold showing that the discovery sought is tailored to discovering assets on which Plaintiffs may execute their judgment.  More importantly, Plaintiffs cannot meet this burden as evidenced by the information ICANN has already produced to Plaintiffs.  ICANN has already responded to the interrogatories contained in Plaintiffs' Writs of Attachment certifying, under oath, that ICANN is not "indebted to" the defendants in any way and that ICANN does not hold any "goods, chattels, or credits" of the defendants.  Likewise, ICANN's Motion to Quash, and the supporting declarations, provided

Plaintiffs with detailed information demonstrating that ICANN has no contracts or agreements with, and receives no payments from, the defendants or the entities that manage the .IR, .SY and .KP ccTLDs.  Finally, ICANN's Motion to Quash and its August 25 Letter provided Plaintiffs with a significant amount of information relating to ICANN's operations, the IR, .SY and .KP ccTLDs, and ICANN's lack of documents responsive to most of Plaintiffs' Requests.

A production of documents relating to technical communications between ICANN and the .IR, .SY and .KP ccTLD managers will not change the fact that ICANN does not possess, or have information about, any property of the defendants that can be executed upon by Plaintiffs. It is this fact, supported by the discovery and information already produced by ICANN, which renders inappropriate Plaintiffs' demand for additional discovery.  Indeed, this Court has previously found – in a similar action – that additional discovery of a garnishee was not justified based on the Court's finding that the garnishee's statements that it was not "indebted to" the defendants and did not possess any of their "goods, chattels, or credits" was "legally accurate." *Peterson v. Islamic Republic of Iran*, 938 F. Supp. 2d 93, 97 (D.D.C 2013) (Lamberth, J.), a*ff'd*, 561 F. App'x. 9 (D.C. Cir. 2014).  Similarly, in *Inversora Murten, S.A. v. Energoprojekt-Niskogradnja Co., Ltd.*, 264 F. App'x. 13, 15 (D.C. Cir. 2008), the District of Columbia Circuit Court of Appeals ruled that "no further discovery is warranted" because all available information demonstrated that the judgment-creditor could not execute its judgment against the garnishee. The conclusion should be the same here; none of the discovery sought by Plaintiffs is "reasonably calculated to" allow Plaintiffs "to discover assets upon which it can seek to execute a judgment."  *E.I. DuPont*, 286 F.R.D. at 292.

Moreover, there is no support for Plaintiffs' conclusory claim that they cannot "respond adequately to the Motion to Quash without receiving substantive responses to the Subpoena." (Motion to Compel at 3.)  First, Plaintiffs make no effort to specifically identify the information they believe they need or explain how that information may impact the Motion to Quash, as courts require in similar contexts.  *Ned Chartering & Trading, Inc. v. Republic of Pakistan & Ministry of Food & Agriculture*, 294 F.3d 148, 152 (D.C. Cir. 2002) (stating that it is appropriate

to deny a discovery request regarding a summary judgment motion when the plaintiff "failed to demonstrate how the further discovery [it] requested would produce any issues of material fact."); *Orellana v. CropLife Int'l*, 740 F. Supp. 2d 33, 40 (D.D.C. 2010) (a party seeking jurisdictional discovery must "make a detailed showing of what discovery it wishes to conduct or what results it thinks such discovery would produce"; generalized requests "are not sufficient."); *Atlantigas Corp. v. Nisource, Inc.,* 290 F. Supp. 2d 34, 53 (D.D.C. 2003) ("Where there is no showing of how jurisdictional discovery would help plaintiff discover anything new, 'it [is] inappropriate to subject [defendants] to the burden and expense of discovery.'").

Second, ICANN's Motion to Quash asserts legal arguments concerning threshold legal questions relating to the Writs of Attachment.  That is:  (1) Whether a ccTLD is "property" subject to attachment; (2) Whether the .IR, .SY and .KP ccTLDs are "owned" by the defendants; (3) Whether the .IR, .SY and .KP ccTLDs are "located" in the District of Columbia; (4) Whether the Foreign Sovereign Immunities Act applies; (5) Whether attachment is permitted when the garnishee cannot "transfer" any assets to the judgment-creditor; and (6) Whether attachment is permitted when it would result in an "economic waste."  Resolution of these legal issues requires no additional fact discovery.  Technical communications between ICANN and the .IR, .SY and .KP ccTLD managers about replacing name servers or changing administrative and technical contacts relate in no way to the ultimate legal question of whether Plaintiffs can attach these ccTLDs.  To resolve this question, Plaintiffs need only the materials ICANN has already produced and the legal precedent set forth in ICANN's Motion to Quash.  *Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008) ("In order for the court to reason . . . that additional discovery is warranted, the Court must have more to go by than a hunch on plaintiffs' part."); *Bethesda Softworks, LLC v. Interplay Entm't Corp.*, No. 09–2357, 2011 U.S. Dist. LEXIS 44397, at *13 (D. Md. Apr. 25, 2011) ("[T]he court is loathe to credit a party's mere hunch about the existence of additional documents responsive to a particular discovery request.") (citation omitted).

## II.   PLAINTIFFS' SUBPOENAS DO NOT COMPLY WITH THE DISTRICT OF COLUMBIA'S ATTACHMENT AND EXECUTION PROCEDURES.

Under District of Columbia law, a subpoena *duces tecum* to any person other than the judgment debtor "shall issue only upon order of the court."  D.C. Super. Ct. R. Civ. P. 69-I(a) ("Rule 69-I(a)").  Plaintiffs failed to comply with this requirement when they unilaterally issued their seven Subpoenas to ICANN.

Plaintiffs are correct that Rule 69(a)(1) of the Federal Rules of Civil Procedure states the "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  Fed. R. Civ. P. 69(a)(1).  And Plaintiffs are right that Rule 69(a)(2) states that a judgment creditor may obtain post-judgment discovery "as provided in these rules or by the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(2).  But Plaintiffs do not address the fact that a subpoena issued to a garnishee, like those issued to ICANN, is a proceeding "in aid of judgment or execution," so Plaintiffs must follow state attachment and execution procedures in accordance with Rule 69(a)(1).  The District of Columbia's "Attachment After Judgment" procedures specifically require a court order permitting service of a subpoena *duces tecum* on a nonparty.  Rule 69-I(a).

Two courts from this District have recognized this principle.  In *Smith v. Mallick*, No. 96-cv-2211 (HHK), 2006 U.S. Dist. LEXIS 62916, at *4 (D.D.C. Sept. 6, 2006), the court ruled that "[s]ince plaintiff is seeking to obtain post-judgment discovery, plaintiff must, under Rule 69(a) of the Federal Rules of Civil Procedure, proceed under the local rules of the state in which the district court is held, which in this case is the District of Columbia."  From there, the *Smith* court applied Rule 69-I(a) to conclude that the subpoena sought by the plaintiff "may only issue upon order of the court."  *Id.* at *5.  Likewise, in *Robertson v. Cartinhour*, No. 09-1642 (ESH), 2011 U.S. Dist. LEXIS 156059, at *2 (D.D.C. Sept. 16, 2011), the court also recognized that, under Rule 69(a)(1), post-judgment discovery must comply with District of Columbia procedures.  Moreover, the *Roberston* court specifically ruled that a subpoena *duces tecum* "'shall issue only

10

upon order of the court.'" *Id*. (quoting Rule 69-I(a)).  Because this check on post-judgment discovery is written in to the District of Columbia's "procedure on execution," Plaintiffs were required to obtain an order from this Court prior to issuing the Subpoenas to ICANN.  Fed. R. Civ. P. 69(a)(1).

The case law on which Plaintiffs rely to challenge ICANN's position is unavailing, for several reasons.  First, all of the cases cited by Plaintiffs are from outside of this jurisdiction, with the exception of *Falicia*, which says nothing about this particular issue, whereas *Smith* and *Robertson* do.  Second, none of the cases cited by Plaintiffs deal with a state execution statute, like Rule 69-I(a), that serves as a check on discovery in aid of execution.  Third, all but one of Plaintiffs' cases involve situations where the plaintiff had not yet begun proceedings "in aid of judgment or execution," such as attachment proceedings.  Yet by issuing the Writs of Attachment to ICANN, Plaintiffs began proceedings "in aid of judgment or execution," which "must ***accord with the procedure*** of the state where the court is located."  Fed. R. Civ. Proc. 69(a)(1) (emphasis added).

Finally, Plaintiffs have not shown that following Rule 69-I(a) would be incompatible with federal discovery procedures.  *See generally* 12 Charles Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3012 n.1 (state law governs unless there is a conflicting federal rule or statute).  Requiring a prior court order before serving a subpoena *duces tecum* on a nonparty does not prevent a judgment creditor from conducting discovery under Rule 45.  Instead, following Rule 69-I(a) honors the District of Columbia's procedure for protecting nonparties from overly-burdensome discovery in aid of execution.  Under Rule 69-I(a), the Court functions as a discovery gatekeeper in the execution context in order to prevent protracted discovery and undue burdens on nonparties.  Nothing about this is inconsistent with federal rules or procedures.

**III.    ICANN'S OBJECTIONS TO PLAINTIFFS' DOCUMENT REQUESTS ARE NOT GENERAL, CONCLUSORY OR WAIVED.**

Plaintiffs argue that ICANN's objections are "general" and "conclusory" and, thus, ICANN has waived all of its objections and should be forced to comply with the Subpoenas without restriction.  (Motion to Compel at 8-13.)  Plaintiffs are wrong.  ICANN's objections are sufficiently specific, not conclusory, and have not been waived.

As an initial matter, Plaintiffs' only argue that ICANN's "***General Objections***" to the Subpoenas are general and conclusory.  (Motion to Compel at 8 (addressing General Objection No. 11), 9 (addressing General Objection Nos. 8, 9, 10, and 12), 12 (addressing General Objection Nos. 6 and 7), 13 (addressing General Objection Nos. 13 and 14).  Nowhere in their Motion to Compel do Plaintiffs address the "Specific Objections" ICANN lodged to each Request, which were explicit and particularized.  For example, ICANN specifically objected to Request Number 1 as follows:

### SPECIFIC OBJECTIONS AND RESPONSES TO THE REQUESTS

<u>**REQUEST FOR PRODUCTION NO. 1:**</u>

All documents and electronically stored information referencing, listing or describing: any contracts, agreements or understanding pursuant to which ICANN allocates, licenses, assigns or transfers rights of any kind in any top level domain names to Iran and/or MOIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

ICANN incorporates its Preliminary Statement and General Objections as though fully set forth herein. ICANN specifically objects to this Request in that (i) it was propounded without a prior court order permitting the discovery, as required by D.C. Superior Court Rule of Civil Procedure 69-I(a); (ii) the Writ of Attachment, on which this Request is based, was not properly executed by the Court; (iii) the Court lacks jurisdiction over this proceeding according to the Foreign Sovereign Immunities Act; and (iv) the Writ of Attachment is procedurally and substantively defective. ICANN also specifically objects to this Request insofar as it seeks privileged, proprietary and/or confidential information. ICANN further objects to this Request because it is over broad, unduly burdensome and not reasonably calculated to lead to the production of relevant evidence in that it seeks information about matters and time frames that are not germane to any issues in this lawsuit. In addition, ICANN objects to this Request because the phrases "contracts, agreements or understanding," "allocates, licenses, assigns or transfers rights," "top level domain names," and "Iran and/or MOIS" are vague, ambiguous and overbroad. Finally, ICANN specifically objects to this Request on the ground that the information sought is equally available from the parties to this action and, therefore, this Request is duplicative and places an undue burden on ICANN.

(Motion to Compel, Ex. B at 6-7.)

For each of Plaintiffs' seven Requests in each of the seven Subpoenas, ICANN identified the specific terms or phrases that it viewed as vague, ambiguous or overbroad. *Washington v. Thurgood Marshall Acad.*, 232 F.R.D. 6, 9-10 (D.D.C. 2005) (ruling that objections to discovery requests as being "overly broad, vague, not reasonably calculated to lead to the discovery of admissible evidence" were "specific objections" and were not "evasive, deficient, or non-responsive"). In addition, ICANN specifically objected to the Requests as unduly burdensome and not reasonably calculated to lead to relevant evidence because they are not limited to matters *or any time frame* germane to the underlying actions or Plaintiffs' enforcement efforts.

13

*Huthnance v. Dist. of Columbia*, 255 F.R.D. 285, 289 (D.D.C. 2008) ("However, plaintiff's request for all documents . . . . at any time is overly broad."); *Washington*, 232 F.R.D. at 5 ("Nevertheless, plaintiff's request is overbroad and not limited in either time or scope."). ICANN also set forth specific grounds for other objections, such as jurisdiction and privilege. ICANN's specific objections are not general as Plaintiffs suggest, but are instead clearly defined and particularized to each Request.

In addition, there is no question that Request Number 7, which is the only request that remains at issue, is incredibly overbroad. Request Number 7 seeks all communications between ICANN and the defendants, several agencies of the defendants, or the entities that operate the .IR, .SY and .KP ccTLDs "concerning any of the foregoing." The Request is not limited in time or scope, it is not limited to relevant subject matters or discussions, and it is not specific as to what "any of the foregoing" means. This Court has previously found that a similar, all-encompassing document request was "tremendously overbroad and seeks discovery beyond the scope of what is relevant to this case." *Wagener v. SBC Pension Benefit Plan*, No. 1:03-00769, 2007 U.S. Dist. LEXIS 21190, at *16 (D.D.C. Mar. 26, 2007) (Lamberth, J.) (explaining as improper the fact that "plaintiffs seek discovery relating to all documents received, looked at, created by, addressed to, or copied to the identified individuals that 'relate to' anything about the actual base pay amendments or the EPR program."). Request Number 7, which incorporates the previous six Requests, is a "catch-all" request that courts in this District have previously found to be improper. *Lurensky v. Wellinghoff*, 271 F.R.D. 345, 353 (D.D.C. 2010) ("This request is overly broad and not tailored in any way; it appears to me to be a 'catch-all' request, to ensure that plaintiff has requested all possible responsive documents . . . . [t]his request, however, is improper. Plaintiff bears some responsibility in efficiently conducting discovery."). Requiring ICANN to respond to such broad Requests, particularly now that ICANN has certified under oath that it does not possess any property of the defendants, would be unduly burdensome to

14

ICANN and would impose significant costs for lost employee productivity, as well as for document searching, collection, and production.[1]

## IV.   PLAINTIFFS FAILED TO MEET AND CONFER WITH ICANN ON THEIR MOTION TO COMPEL, AS REQUIRED.

Rule 37(a) of the Federal Rules of Civil Procedure requires "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action."  Furthermore, Local Civil Rule 7(m) reiterates this requirement:  "Before filing any nondispositive motion in a civil action, *counsel shall discuss the anticipated motion with opposing counsel* in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement."  D.D.C. Local Civ. R. 7(m) (emphasis added).  "The purpose of the Local Rule is to promote the resolution of as many litigation disputes as possible without court intervention, or at least to force the parties to narrow the issues that must be brought to the court."  *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006).  Not surprisingly, courts in this District have denied discovery motions in the past for a failure to comply with these rules. *Id*. (denying several discovery motions for failing to meet and confer on the anticipated motions).

Although Plaintiffs' Motion to Compel contains a certification of compliance with Local Civil Rule 7(m), Plaintiffs *did not meet and confer with ICANN* regarding Plaintiffs' Motion to Compel.  On August 4, 2014, Plaintiffs counsel contacted ICANN's counsel to determine

---

[1] Plaintiffs mistakenly contend that ICANN waived its privilege claims by not simultaneously producing a privilege log with its objections.  No such rule exists.  To the contrary, a privilege log need not be produced until after objections have been ruled on by the court.  *United States v. Philip Morris Inc.*, 314 F.3d 612, 621 (D.C. Cir. 2003), *subsequent determination*, 347 F.3d 951 (D.C. Cir. 2003), *abrogated on other grounds by Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009) ("[I]f a party's pending objections apply to allegedly privileged documents, the party need not log the document until the court rules on its objections."); Fed. R. Civ. P. 26, Advisory Committee's Notes (1993) ("If a broad discovery request is made . . . the responding party . . . should make its objection to the breadth of the request . . . .  If the court later rules [against the objection], the documents . . . should then be either produced . . . or described (if claimed to be privileged)."

whether ICANN would produce documents responsive to the Subpoenas.  (Enson Decl. at ¶ 8.)

ICANN's counsel explained, as it had before, that the only non-public, potentially-responsive

documents ICANN has in its possession are technical communications with the .IR, .SY and .KP

ccTLD managers, and that these documents are not relevant to these proceedings.  (*Id.*)  At no

time during this conference, or any other, did Plaintiffs' counsel mention, much less discuss,

their anticipated Motion to Compel, as required by Local Rule 7(m).  (*Id.* at ¶ 9.)

Plaintiffs' counsel's conduct is no different than that of the attorneys in *Ellipso*, wherein

they made one another aware of a discovery dispute, but did not discuss their anticipated

discovery motions.  *Ellipso*, 460 F. Supp. 2d at 102.  There, the court denied the discovery

motions because "there is no indication that opposing counsel notified each other that they were

filing these discovery motions, nor is there any hint that they have discussed the motions in

person or by phone, as required."  *Id.*  The Court should do the same, here.  Had Plaintiffs met

and conferred, as required, this discovery dispute almost certainly could have been avoided,

along the lines set forth in ICANN's August 25 Letter.

## CONCLUSION

For the foregoing reasons, ICANN respectfully requests that the Court deny Plaintiffs'

Motion to Compel.  A proposed Order is attached.

Dated: August 28, 2014                    Respectfully submitted,

*/s/ Noel J. Francisco*
_____
Noel J. Francisco (D.C. Bar No. 464752)
Tara Lynn R. Zurawski (DC Bar No. 980960)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: nfrancisco@jonesday.com
Email: tzurawski@jonesday.com

Jeffrey A. LeVee (admitted *pro hac vice*)
Eric P. Enson (admitted *pro hac vice*)
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 243-2304
Facsimile: (213) 243-2539
Email: jlevee@jonesday.com
Email: epenson@jonesday.com

*Counsel for Nonparty Internet Corporation for
Assigned Names and Numbers*

17

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 28, 2014, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, causing it to be served on all registered users to be noticed in this matter, including:

> Robert J. Tolchin
> Berkman Law Office, LLC
> 111 Livingston Street, Suite 1928
> Brooklyn, NY 11201
>
> *Counsel for Plaintiffs*

Dated: August 28, 2014

*/s/ Noel J. Francisco*

Noel J. Francisco (D.C. Bar No. 464752)
