**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Shaul Stern, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 00-2602-RCL |
| ) | |
| The Islamic Republic of Iran, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| Susan Weinstein, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 00-2601-RCL |
| ) | |
| The Islamic Republic of Iran, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| Jenny Rubin, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 01-1655-RCL |
| ) | |
| The Islamic Republic of Iran, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| Seth Charles Ben Haim, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 02-1811-RCL |
| ) | CIVIL ACTION NO. 08-520-RCL |
| The Islamic Republic of Iran, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

LAI-3221922v1

| | |
|---|---|
| Ruth Calderon-Cardona, et al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Democratic People's Republic of Korea, et al. )<br>)<br>Defendants. )<br>) | MISC. NO. 14-648 - RCL |
| Mary Nell Wyatt, et al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Syrian Arab Republic, et al. )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 08-502-RCL |

**DECLARATION OF ERIC P. ENSON IN SUPPORT OF NONPARTY ICANN'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO SUBPOENA**

I, Eric P. Enson, declare and affirm as follows:

1. I am a partner with the law firm of Jones Day, a member of the California Bar and I have been admitted *pro hac vice* in these matters. Jones Day is counsel of record for the Internet Corporation for Assigned Names and Numbers ("ICANN") in these actions. I have personal knowledge of the matters set forth herein and am competent to testify to those matters. I make this declaration in support of Nonparty ICANN's Opposition to Plaintiffs' Motion to Compel Production of Documents in Response to Subpoena ("Motion to Compel").

2. On June 24, 2014, Plaintiffs issued to ICANN writs of attachment ("Writs of Attachment") in the following seven matters: (1) *Rubin, et al. v. Islamic Republic of Iran, et al.*, Case No. 01-1655-RCL; (2) *Haim, et al. v. Islamic Republic of Iran, et al.*, Case No. 02-1811-

- 1 -

RCL; (3) *Haim, et al. v. Islamic Republic of Iran, et al.*, Case No. 08-520-RCL; (4) *Stern, et al. v. Islamic Republic of Iran, et al.*, Case No. 00-2602-RCL; (5) *Weinstein, et al. v. Islamic Republic of Iran, et al.*, Case No. 00-2601-RCL; (6) *Wyatt, et al. v. Syrian Arab Republic, et al.*, Case No. 08-502-RCL; and (7) *Calderon-Cardona, et al. v. Democratic People's Republic of North Korea, et al.*, Case No. 14-mc-648-RCL. The Writs of Attachment seek to attach the .IR, .SY and .KP ccTLDs, related non-ASCII ccTLDs, and supporting IP addresses (collectively, the ".IR, .SY and .KP ccTLDs"), all of which represent a space on the Internet for use by the people of Iran, Syria and North Korea.

3. Plaintiffs also issued to ICANN, on June 24, 2014, subpoenas *duces tecum* ("Subpoenas") in each of the seven matters listed above. A true and correct copy of the Subpoenas is attached to Plaintiffs' Motion to Compel as Exhibit A.

4. On July 28, 2014, ICANN filed its responses to the Writs of Attachment certifying, under oath, that ICANN is not "indebted to" the defendants in any way and that ICANN does not hold any "goods, chattels, or credits" of the defendants.

5. On July 28, 2014, ICANN served Plaintiffs with objections and responses to the Subpoenas. A true and correct copy of the ICANN's objections and responses to the Subpoenas is attached to Plaintiffs' Motion to Compel as Exhibit B.

6. On July 29, 2014, ICANN filed Motions to Quash the Writs of Attachment ("Motion to Quash").

7. Before filing the Motion to Quash, I had a number of conversations with Plaintiffs' counsel, Robert Tolchin of the Berkman Law Office, LLC, regarding ICANN, the .IR, .SY and .KP ccTLDs, and the fact that ICANN possesses no property, money or credits of the defendants and ICANN has no contracts or agreements with the entities that operate the .IR, .SY and .KP

ccTLDs. On July 23, 2014, I sent Mr. Tolchin an email detailing the law and facts demonstrating that the .IR, .SY and .KP ccTLDs are not subject to attachment. Mr. Tolchin, however, refused to withdraw the Writs of Attachment or delay their enforcement so that we could have additional discussions about these issues.

8. On August 4, 2014, I spoke with Plaintiffs' counsel, Dina Rovner of the Shurat HaDin Israel Law Center, about various issues. Ms. Rovner asked whether ICANN would be producing documents responsive to Plaintiffs' Subpoenas. I explained to Ms. Rovner ICANN's view that the Subpoenas were defective and inappropriate given ICANN's certification that it was not "indebted to" the defendants and held no "goods, chattels, or credits" of the defendants. I also mentioned that ICANN posts numerous materials about its operations on its website and that some of those public materials relate to the .IR, .SY and .KP ccTLDs. And I stated that the only non-public, potentially-responsive documents ICANN has in its possession are technical communications with the .IR, .SY and .KP ccTLD managers, such as changes to name servers and technical or administrative contacts for the ccTLD managers. Because these communications relate to technical matters, I set forth ICANN's view that these documents are not relevant to these proceedings or responsive to Plaintiffs' Requests.

9. During our August 4 conversation, Mr. Rovner did not inform me that Plaintiffs would be filing a Motion to Compel.

10. On August 25, 2014, I sent Mr. Tolchin and Ms. Rovner a letter seeking to resolve Plaintiffs' Motion to Compel. In my August 25 letter, I certified that ICANN does not possess any documents responsive to the Document Request Numbers 1, 3, 5 or 6 contained in the Subpoena. I also provided Plaintiffs with links to ICANN's website where materials potentially-responsive to Document Request Numbers 2 and 4 could be located. In addition, my August 25

letter offered to provide Plaintiffs with the only non-public documents ICANN possesses that are arguably-responsive to Document Request No. 7, which are communications between ICANN and the .IR, .SY. and .KP ccTLD managers. A true and correct copy of my August 25, 2014 letter to Mr. Tolchin and Ms. Rovner is attached hereto as Exhibit A.

11. Neither Mr. Tolchin nor Ms. Rovner responded to my August 25 letter.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

This declaration was signed on August 28, 2014 at Los Angeles, California.

_____

Eric P. Enson

- 5 -

## CERTIFICATE OF SERVICE

I certify that on August 28, 2014, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, causing it to be served on all registered users to be noticed in this matter, including:

> Robert J. Tolchin
> Berkman Law Office, LLC
> 111 Livingston Street, Suite 1928
> Brooklyn, NY 11201
>
> *Counsel for Plaintiffs*

Dated:  August 28, 2014

*/s/ Noel J. Francisco*

Noel J. Francisco (D.C. Bar No. 464752)

# Exhibit A

CIVIL ACTION NOS. 00-2602-RCL; 00-2601-RCL; 01-1655-RCL; 02-1811-RCL; 08-520-RCL; 14-648-RCL; 08-502-RCL

# JONES DAY

555 SOUTH FLOWER STREET • FIFTIETH FLOOR • LOS ANGELES, CALIFORNIA 90071.2300

TELEPHONE: +1.213.489.3939 • FACSIMILE: +1.213.243.2539

DIRECT NUMBER: (213) 243-2304
EPENSON@JONESDAY.COM

August 25, 2014

**VIA E-MAIL**

Robert Tolchin
The Berkman Law Office, LLC
111 Livingston Street, Suite 1928
Brooklyn, New York 11201

      Re:  **_Subpoenas Relating to Writs of Attachment_**

Bob:

  On behalf of non-party ICANN, I am writing regarding Plaintiffs' Motion to Compel Production of Documents. Plaintiffs' Subpoenas and Writs of Attachment are procedurally and substantively defective because – as ICANN has certified in its responses to the Writs of Attachment and explained in its Motion to Quash – ICANN does not possess any property of the defendants that is subject to attachment. For this same reason, further discovery of ICANN is inappropriate and unduly burdensome.

  Nevertheless, ICANN wishes the focus of this matter to be on ICANN's Motion to Quash and to avoid the time and expense of discovery disputes. To this end, this letter contains a summary of Plaintiffs' document requests, statements of whether ICANN possesses responsive documents, and ICANN's identification of, or agreement to produce, certain documents. We have already provided you with much of the information contained in this letter, including a description of the limited written communications we have relating to the operation of the particular ccTLDs at issue in these matters, and I am hoping that this letter will resolve the issues set forth in Plaintiffs' Motion to Compel. Had Plaintiffs met and conferred with ICANN about Plaintiff's Motion to Compel, as required by the local rules, this dispute almost certainly could have been avoided, along the lines set forth below.

  Document Request Nos. 1 and 3 seek documents "referencing, listing or describing any contracts, agreements or understanding pursuant to which ICANN allocates, licenses, assigns or transfers rights of any kind in any top level domain names" or IP addresses to the defendants. As we have discussed previously, and ICANN has asserted under penalty of perjury in its Motion to Quash, ICANN has no contracts or agreements with the defendants relating to any top level domain, IP addresses or anything else. Nor does ICANN have any contracts or agreements with the entities and organizations that act as ccTLD managers for the .IR, .SY, .KP ccTLDs, related

LAI-3221093v1

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MOSCOW • MUNICH • NEW YORK • PARIS • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Robert Tolchin
August 25, 2014
Page 2

non-ASCII ccTLDs, or supporting IP addresses. As such, ICANN has nothing to produce in response to Document Request Nos. 1 and 3.

Document Request Nos. 2 and 4 seek documents "referencing, listing or describing all top level domain names" and IP addresses "allocated, licensed, assigned or transferred by ICANN" to the defendants. Here too, ICANN has not "allocated, licensed, assigned or transferred" to the defendants any top level domains, IP addresses or anything else. There are, however, listings of the .IR, .SY, .KP ccTLDs, related non-ASCII ccTLDs, and supporting IP addresses publicly available through ICANN's website, which can be found as follows:

Records and reports relating to the .IR ccTLD -
http://www.iana.org/domains/root/db/ir.html; http://www.iana.org/whois?q=ir;
http://www.iana.org/reports/2013/iran-report-20130913.html;

Records and reports relating to the .SY ccTLD -
http://www.iana.org/domains/root/db/sy.html; http://www.iana.org/whois?q=sy;
https://www.iana.org/reports/2011/sy-report-07jan2011.html;

Records and reports relating to the .KP ccTLD -
http://www.iana.org/domains/root/db/kp.html; http://www.iana.org/whois?q=kp;
http://www.iana.org/reports/2011/kp-report-20110401.html;
http://www.iana.org/reports/2007/kp-report-11sep2007.html; and

Records and reports relating to the .IR and .SY non-ASCII ccTLDs -
https://www.icann.org/resources/pages/string-evaluation-completion-2014-02-19-en;
http://www.iana.org/domains/root/db/xn--mgba3a4f16a.html;
http://www.iana.org/reports/2013/iran-report-20130913.html;
http://www.iana.org/whois?q=.%D8%A7%DB%8C%D8%B1%D8%A7%D9%86+;
http://www.iana.org/reports/2011/syria-report-07jan2011.html;
http://www.iana.org/whois?q=%D8%B3%D9%88%D8%B1%D9%8A%D8%A9.

In addition, documents relating to ICANN Board discussions about these ccTLDs are publicly available, as follows:

Materials relating to the 28 September 2013 ICANN Board meeting, in which the .IR non-ASCII ccTLD was discussed - https://www.icann.org/resources/pages/2013-2f-2012-02-25-en;

Materials relating to the 11 September 2007 ICANN Board meeting, in which the .KP ccTLD was discussed - https://www.icann.org/resources/pages/2007-2012-02-25-en;

LAI-3221093v1

JONES DAY

Robert Tolchin
August 25, 2014
Page 3

Materials relating to the 14 August 2007 ICANN Board meeting, in which the .KP ccTLD was discussed - https://www.icann.org/resources/pages/2007-2012-02-25-en;

Materials relating to the 25 January 2011 ICANN Board meeting, in which the .SY ccTLD was discussed - https://www.icann.org/resources/pages/2011-b4-2012-02-25-en; and

Materials relating to the 25 January 2011 ICANN Board meeting, in which the .SY ccTLD was discussed - https://www.icann.org/resources/pages/2011-b4-2012-02-25-en.

Document Request Nos. 5 and 6 seek documents referencing, listing or describing payments from the defendants to ICANN or money owed from ICANN to the defendants. As set forth in ICANN's Motion to Quash, and as we have discussed, ICANN receives no payments from the defendants or the ccTLD managers for the .IR, .SY, .KP ccTLDs and related non-ASCII ccTLDs, nor does ICANN owe any money to these entities. Thus, ICANN has nothing to produce in response to Document Request Nos. 5 and 6.

Document Request No. 7 seeks communications between ICANN and the defendants "concerning any of the foregoing." First and foremost, ICANN reasserts its objections to Document Request No. 7. Specifically, Document Request No. 7 is vague, ambiguous and overbroad in that it does not seek specific communications. Moreover, Document Request No. 7, like Plaintiffs' other Document Requests, lacks a relevant time period for which documents are sought. Nevertheless, and as I have previously explained, ICANN has had sporadic, technical communications with the .IR, .SY, .KP and related non-ASCII ccTLD managers.[1] Although these communications do not concern "any of the foregoing," ICANN will agree to search for and produce these documents, covering the time period of July 1, 2010 to July 1, 2014, in order to resolve Plaintiffs' Motion to Compel. As you will see, these documents are completely consistent with the legal and factual statements set forth in ICANN's Motion to Quash.

ICANN, of course, reserves its right to withhold or redact any privileged material and, prior to the production of these documents, the parties will need to agree to a protective order that prohibits the public disclosure of these documents. If a protective order already exists in these matters, please provide me with a copy so that I may review it.

---

[1] In addition, there are two presentations relating to the .IR IDN ccTLD publicly available on ICANN's website, as follows: https://www.icann.org/en/system/files/files/alireza-idn-persian-27jun06-en.pdf; https://www.icann.org/en/system/files/files/irnic-idn-vancouver-17nov05-en.pdf.

LAI-3221093v1

JONES DAY

Robert Tolchin
August 25, 2014
Page 4

      Please let me know whether this offer resolves Plaintiffs' Motion to Compel as soon as possible so that we may proceed in a timely fashion. If you would like to discuss this further, please do not hesitate to give me a call. Thank you.

                                  Sincerely,

                                  Eric P. Enson

cc:    Dina Rovner

LAI-3221093v1